**Robert M. GONZALEZ, Sr.,**
**Plaintiff-Appellant,**

v.

**STANFORD APPLIED ENGINEERING,**
**INC., et al., Defendant-Appellee.**

No. 77–2207.

United States Court of Appeals,
Ninth Circuit.

June 1, 1979.

Barbara L. Bourhis of Bourhis & Bourhis, San Jose, Cal., for plaintiff-appellant.

Arnold I. Bennigson of Hays, Sanford & Latta, Palo Alto, Cal., for defendant-appellee.

Before BROWNING and MERRILL, Circuit Judges, and BURNS,* District Judge.

PER CURIAM:

Appellant brought suit charging that he was discharged from his job by appellee and was otherwise discriminated against because he was of Mexican descent. He claimed rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and under the Civil Rights Act of 1886, 42 U.S.C. § 1981. The District Court granted summary judgment for Appellee on both claims and this appeal followed.

*Title VII Claim*

This suit was brought February 6, 1976. The dismissal of the Title VII claim was upon the ground that suit had not been brought within 90 days of receipt of a notice of right to sue from the Equal Employment Opportunity Commission as required by 42 U.S.C. § 2000e–5(f)(1).

The charge of discrimination in hiring on the part of appellee was filed by appellant with the Commission on August 11, 1975. In November appellant's attorney requested the Commission to issue a right to sue letter and on November 6, 1975 a notice of right to sue was issued, directed to appellant with copies shown to his attorney and to appellee. On the same day the Commission wrote to appellant's attorney by registered mail. A copy of the notice was enclosed. The letter stated in part:

---

* Hon. James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

1. Courts are divided upon the question whether prejudice based only on national origin

Dear Mr. Jaramillo:

In accordance with your request on behalf of your client, Robert M. Gonzalez, Sr., made pursuant to Commission Procedural Rules 29 CFR 1601.25d(c) (as amended), you are hereby notified that you may institute a civil action under Section 706(f) of Title VII of the Civil Rights Act of 1964 in the appropriate Federal District Court within ninety days of the receipt of this letter.

This letter was received at the attorney's office on November 7, 1975. Appellee's copy of the notice was received the same day. Suit by appellant was commenced 91 days later.

Appellant contends that to start the 90-day period running he must himself have received notice of right to sue and that the burden is on the Commission to prove that he had received it. We disagree.

■ We hold that when the request for issuance of a right to sue letter comes from a claimant's attorney, notice to the attorney that right to sue has been granted starts the time running. Communication with the attorney respecting the right to sue letter that he had himself requested on behalf of his client was communication with the claimant in the proper and appropriate way. *Minor v. Lakeview Hospital,* 421 F.Supp. 485 (E.D.Wis.1976) so holds and we agree.

We conclude that dismissal of the Title VII claim on the ground that suit was not timely brought was proper.

*Section 1981 Claim*

■ This claim was dismissed by the District Court for the reason that the alleged discrimination was asserted to be based on national origin and not on race and that § 1981 is concerned with racial discrimination.[1]

---

presents a claim under §.1981. *Compare, e. g., Manzanares v. Safeway Stores, Inc.,* 593 F.2d 968 (8th Cir. 1979) *with Budinsky v. Corning Glass Works,* 425 F.Supp. 786 (W.D.Pa.1977).

In his charge of discrimination filed with the EEOC and in his complaint appellant does indeed allege that the discrimination against him was because of his national origin. In responding to appellee's motion for summary judgment, however, he enlarges upon the basis for the discrimination against him. In an affidavit he states: "I am claiming discrimination based on national origin which includes the fact that my skin is brown. If Mexicans-Americans were not brown I do not believe they would suffer discrimination."

We read this as a claim that the discrimination he suffered was directed at those Mexican-Americans having, by virtue of their descent, a brown rather than a white skin.

We take note of the fact that a substantial portion of the Mexican population traces its roots to a mixture of the Caucasian (Spanish) and native American races. With this background prejudice towards those of Mexican descent having a skin color not characteristically Caucasian must be said to be racial prejudice under § 1981. The affidavit of appellant sufficiently claimed discrimination in employment founded upon such racial prejudice. Whether this was in truth the cause for appellant's grievances remained an issue for trial and it was error to grant summary judgment upon the § 1981 claim.

Judgment affirmed as to the Title VII claim and reversed as to the § 1981 claim. The case is remanded for further proceedings.

JAMES M. BURNS, District Judge, concurring and dissenting.

As to the Title VII claim, I agree completely. As I am unable to agree with the opinion as to the § 1981 claim, I respectfully dissent as to that part of the opinion.