**Eloise THOMAS, Appellant,**

v.

**KATV CHANNEL 7, Appellee.**

No. 82–1265.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1982.

Decided Nov. 12, 1982.

Rehearing Denied Nov. 29, 1982.

---

Spencer F. Robinson, Coleman, Gantt, Ramsay & Cox, Pine Bluff, Ark., for appellee.

P.A. Hollingsworth, Janet L. Pulliam, Little Rock, Ark., for appellant.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Appellant Eloise Thomas appeals from a final judgment entered in the District Court for the Eastern District of Arkansas dismissing her claims of race and sex discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.[1] The district court found that appellant's complaint was not filed within the ninety-day filing period provided by 42 U.S.C. § 2000e–5(f)(1). For the reasons discussed below, we reverse.

On June 27, 1980, appellant filed charges of race and sex discrimination with the Equal Employment Opportunity Commission (EEOC) against her employer, appellee KATV. On July 10, 1981, appellant made a written request for a right to sue letter. On that day an EEOC log entry made by Vernell London, an EEOC supervisor, notes that appellant reported a change of address and "wanted the records to show P. Hollingsworth as atty. [attorney] to rep. [represent] her." The log entry also notes, and London testified, that London telephoned Hollingsworth to verify his representation of appellant. According to London, Hollingsworth confirmed his representation and requested that a copy of appellant's right to sue letter be sent to him. Hollingsworth denied confirming his representation or requesting a copy of the right to sue letter.

On July 14, 1981, the EEOC sent appellant a right to sue letter. The letter was addressed to appellant at her correct address and was sent by certified mail, return receipt requested. A copy of the letter was also sent to Hollingsworth. On July 16, an employee of Hollingsworth signed a certified mail receipt for the letter. Hollingsworth testified that he did not actually see the copy of appellant's right to sue letter until July 20. On that day Hollingsworth wrote to appellant to inform her that he received a copy of her right to sue letter and that she would have to file suit within ninety days of her receipt of the letter. Appellant did not receive the right to sue letter until July 27.

Hollingsworth filed appellant's complaint on October 23, 1981, eighty-eight days after appellant received her right to sue letter. KATV moved to dismiss, alleging that the complaint was untimely because it was filed ninety-nine days after Hollingsworth's receipt of the copy of appellant's right to sue letter. KATV argued that Hollingsworth was appellant's counsel and that notice to counsel constituted notice to appellant. After a hearing on appellee's motion to dismiss, the district court found an attorney-client relationship existed and dismissed the case, relying on *Decker v. Anheuser Busch,* 632 F.2d 1221 (5th Cir.1980). In *Decker,* a divided panel of the Fifth Circuit held that delivery of a right to sue letter to the office of the attorney representing an aggrieved party triggered the running of the statutory ninety-day filing period of 42 U.S.C. § 2000e–5(f)(1). The section provides that within ninety days after the EEOC provides notice to "the person aggrieved" suit may be filed in federal district court.[2] Subse-

---

1. Thomas appealed after her Title VII claim was dismissed, but while a 42 U.S.C. § 1981 claim was still pending. However, on March 9, 1982, a non-suit was ordered on the § 1981 claim.

2. The statute provides in pertinent part:

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not

quent to the district court's dismissal of appellant's complaint, the Fifth Circuit granted rehearing en banc in *Decker,* vacated the panel decision and remanded the case for a further evidentiary hearing as to the scope and duration of the alleged attorney-client relationship. 670 F.2d 506 (5th Cir. 1982) (banc).

Appellee KATV asks this court to adopt the holding of the majority of the panel in *Decker.* We decline to do so. In *Craig v. Department of HEW,* 581 F.2d 189 (8th Cir.1978), this court rejected the argument that receipt of notice of a right to sue letter by an employee of the attorney of an aggrieved federal employee constituted receipt of notice by the aggrieved party as contemplated by the relevant statutory provision.[3] The court stated:

> We have heretofore recognized "that Title VII is remedial in character and should be liberally construed to achieve its purposes"; "for this reason," we have observed, "courts confronted with procedural ambiguities in the statutory framework have, with virtual unanimity, resolved them in favor of the complaining party." "That approach," we have added,

> filed a civil action under this section . . . , the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .
> 42 U.S.C. § 2000e–5(f)(1). *See also* 29 C.F.R. § 1601.28 (1980).
> Appellee's motion to dismiss alleged the district court lacked jurisdiction because of appellant's failure to file her complaint within the ninety-day statutory filing period of § 2000e–5(f)(1). At oral argument, appellee conceded that in light of the recent Supreme Court case of *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the statutory filing period of § 2000e–5(f)(1) was more akin to a statute of limitations than a jurisdictional prerequisite. In *Zipes,* the Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in a federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." 102 S.Ct. at 1132. Recent circuit courts cases have extended the rationale of *Zipes* to the ninety-day filing period of § 2000e–5(f)(1). *E.g., Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1215–16 (5th Cir. 1982); *Gordon v. Na-*

"reflects not only the manifest importance of Title VII rights to complaining parties, but also the broad national commitment to eliminating such discrimination and the importance of private suits in fulfilling that commitment."

*Id.* at 192, *quoting Bell v. Brown,* 181 D.C. App. 226, 557 F.2d 849, 853 (1977) (footnotes omitted). Although *Craig* involves the provision of Title VII pertaining to federal employees, the above-quoted language is clearly applicable to Title VII suits by private employees as well.[4] We agree with the dissent in the *Decker* panel opinion which recognized that the *Craig* rationale is applicable to cases brought under § 2000e– 5(f)(1). *Decker,* 632 F.2d at 1225 (Rubin, J., dissenting). "[T]he shared remedial purpose compels the same interpretation." *Id.*

The court in *Craig,* however, indicated that notice to a designated representative of an aggrieved party could satisfy statutory requirements if the notice was "addressed in accordance with the specific directions of the employee, *and* receipt [was] acknowledged personally by the designated representative." (emphasis added).[5] 581

*tional Youth Work Alliance,* 675 F.2d 356, 360 (D.C.Cir.1982).

3. The statute provides that "within thirty days of receipt of notice" an aggrieved federal employee may file suit. 42 U.S.C. § 2000e–16.

At the time of the *Craig* decision, the Civil Service Commission was vested with certain enforcement functions in discrimination suits by federal employees. Subsequent to *Craig,* the EEOC assumed the enforcement functions of federal employee discrimination claims pursuant to § 3 of the Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 19,807 (1978) (effective Jan. 1, 1979). Exec.Order No. 12,106, 44 Fed. Reg. 1053 (1978).

4. As additional support for the holding in *Craig,* we noted that Civil Service regulations required direct notice to an aggrieved federal employee. 581 F.2d at 192–93.

5. The Ninth Circuit has held that "when the request for issuance of a right to sue letter comes from a claimant's attorney, notice to the attorney that right to sue has been granted starts the time running." *Gonzalez v. Stanford Applied Eng'g, Inc.,* 597 F.2d 1298, 1299 (9th Cir.1979) (per curiam). In the instant case, the evidence is that appellant, not Hollingsworth,

F.2d at 193. As in *Craig,* these requirements have not been met. There is no evidence that appellant requested that the right to sue letter be sent to Hollingsworth or that he personally acknowledged receipt. Therefore, receipt by Hollingsworth's employee of a copy of appellant's right to sue letter did not trigger the running of the statutory ninety-day filing period.

This court grants appellant reasonable attorney's fees for this appeal, pursuant to 8th Cir.R. 17, to which the parties' attention is directed.

Accordingly, this case is reversed and remanded for further proceedings.[6]

requested issuance of the right to sue letter; at most, all Hollingsworth requested was a copy of appellant's right to sue letter. We express no opinion as to the validity of the *Gonzalez* holding.

**6.** The disposition of this case makes it unnecessary for this court to decide whether the district court erred in finding that an attorney-client relationship existed between Hollingsworth and appellant.