**James P. BELL, Plaintiff-Appellant,**

v.

**EAGLE MOTOR LINES, INC., Defendant-Appellee.**

**No. 82–7077
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1982.

Wiggins & Quinn, C. Michael Quinn, Birmingham, Ala., for plaintiff-appellant.

Balch, Bingham, Baker, Hawthroen, Williams & Ward, John P. Scott, Jr., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

PER CURIAM:

In 1978 Bell filed a race discrimination charge against Eagle Motor Lines, Inc. with the EEOC. Bell subsequently requested a right to sue letter. On December 18, 1979 the right to sue letter was delivered . to Bell's residence, and accepted and signed for by his wife. Bell claims that he was out of town on December 18 and first learned of the right to sue letter on December 26. Bell filed this action on March 20, 1980, alleging a violation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1976). Eagle Motor moved for summary judgment on the ground that Bell filed the complaint more than 90 days after receipt of his right to sue letter. The district court granted summary judgment for Eagle Motor. Bell appeals.

Title VII of the Civil Rights Act of 1964 requires that suit be brought within 90 days after receipt of notice of right to sue. 42 U.S.C. § 2000e–5(f) (1976). The district court calculated the 90 day period from the date Bell's wife received the notice at his

residence. Bell argues that the period should begin to run from the date of his actual receipt of the EEOC notice.

This court has refused to establish an inflexible rule determining when a complainant has "received" notice of his right to sue. As the Eleventh Circuit recently stated in *Lewis v. Connors Steel Co.*, 673 F.2d 1240, 1242 (11th Cir.1982):

> We need not embrace the doctrine of constructive receipt, nor close our eyes to the liberal construction the act is entitled to in order to fashion a fair and reasonable rule for the circumstances of this case. There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.

Approaching the issue on a case by case basis as we did in *Lewis,* we find that the receipt of the EEOC notice by Bell's wife at his residence triggered the running of the 90 day period. The judgment of the district court is AFFIRMED.