**Katherine DECKER, Plaintiff,**

v.

**ANHEUSER–BUSCH, a corporation, Defendant.**

**No. 76–379–Civ–T–GC.**

United States District Court, M.D. Florida, Tampa Division.

Feb. 18, 1983.

Stephen F. Hanlon, Levine, Freedman, Hirsch & Levinson, Tampa, Fla., for plaintiff.

Peter W. Zinober, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for defendant.

## ORDER

GEORGE C. CARR, District Judge.

This is a sex discrimination action filed under 42 U.S.C. § 2000e *et seq.* (Title VII). The action was first brought in May, 1976 and the defendant moved to dismiss the complaint for the plaintiff's failure to file the action within ninety (90) days of her receipt of the "Notice of Right to Sue" from the Equal Employment Opportunity Commission (EEOC).[1] In May, 1978, this Court denied the defendant's original motion to dismiss. The Court then granted the defendant's request for certification of an interlocutory appeal of the Court's decision pursuant to 28 U.S.C. § 1292(b). A panel of the Fifth Circuit, 632 F.2d 506, rendered a decision on the plaintiff's appeal

but that decision was vacated by the Fifth Circuit's *en banc* decision in *Decker v. Anheuser-Busch,* 656 F.2d 965 (5th Cir.1982). The Fifth Circuit, 670 F.2d 506, reversed and remanded this Court's Order denying the defendant's motion to dismiss. The Fifth Circuit Ordered the Court to make specific evidentiary findings concerning: the scope and extent of the attorney client relationship between Judith Petersen and Katherine Decker; authorization, if any, for Petersen to receive mail on Decker's behalf; the date Petersen personally received the envelope containing the right to sue notice; the date Petersen notified Decker of her receipt of the notice; and when, if ever, Decker received a copy of the notice separate from the notice addressed to her in care of Petersen. While ordering these specific evidentiary findings the Fifth Circuit ultimately desired this Court to determine whether Decker's Title VII action was timely filed.

Pursuant to the Fifth Circuit's remand, this Court conducted an evidentiary hearing in the case on December 6, 1982. From the testimony elicited at the hearing and the exhibits offered, the Court makes the following evidentiary findings:

1. On June 30, 1975, Decker filed a charge against the defendant with the EEOC.

2. Petersen and Decker had some form of attorney-client relationship which officially began on or before September 8, 1976, the date on which Decker filled out one of Petersen's client cards. The extent and duration of that relationship is contested.

3. The Court finds that Petersen represented Decker to some extent all throughout the settlement and conciliation negotiations with the defendant and the EEOC. The EEOC, however, was uncertain about the exact status of Petersen and was reluctant to treat her as Decker's attorney. In particular, settlement offers from the de-

---

1. *See* 42 U.S.C. § 2000e–5(f)(1). Section 706(f)(1) provides in pertinent part:

    If a charge filed with the Commission ... is dismissed by the Commission, ... the Com-

mission ... shall notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

fendant were communicated directly to Decker via John Otero, the EEOC attorney in charge of Decker's complaint. Thus, Petersen was by-passed during these negotiations and had to continually assert her right to participate in the negotiations between the parties. Petersen's difficulties regarding her status were evidenced in a series of somewhat acrimonious exchanges between her and the EEOC. Ultimately, Mr. Otero requested that Petersen submit a written confirmation that Petersen was Decker's attorney. This request was made immediately before the EEOC mailed to Petersen, Decker's right to sue. Petersen responded to Otero's request by forwarding to the EEOC a written notice of appearance on February 11, 1976. However, as the EEOC mailed Decker's notice of right to sue on that same date, the EEOC never actually received confirmation of Petersen's status before it mailed Decker's notice.[2]

4. On February 11, 1976, the EEOC mailed A Right to Sue letter to Decker, in care of Petersen. The notice, which was sent by certified mail, was signed for by a part time office worker in Petersen's office on February 12, 1976.[3]

5. Neither Decker nor Petersen requested a notice of the right to sue from the EEOC. Decker never gave direct or implicit permission to Petersen to receive or open mail on Decker's behalf. Decker never expressly informed the EEOC that Petersen should receive any mail, including the notice of right to sue, on Decker's behalf. Decker never received a right to sue letter from the EEOC. Only one letter was issued by the EEOC and it was sent to Decker in care of Petersen. *See* Transcript of Evidentiary Hearing at 170–173.

6. Petersen informed Decker on February 16th or 17th that she (Petersen) had received Decker's right to sue letter. Decker was unsure whether she wanted Petersen to represent her in the forthcoming suit against the defendant. Consequently, Petersen gave Decker the names of several attorneys who could represent her. Ultimately, the plaintiff decided to retain Petersen as her counsel and Decker and Petersen entered into a written fee agreement on March 1, 1976.

ANALYSIS

The center of the dispute concerning the defendant's motion to dismiss is whether Petersen was representing Decker on February 12, 1976 and whether that representation was broad enough to allow Petersen to open Decker's mail. As the Court concluded previously, the earliest that the plaintiff actually learned of the EEOC's issuance of a right to sue letter was February 16th or 17th. Thus, in order for the defendant to prevail on its motion to dismiss, it must establish that the plaintiff constructively knew of the right to sue letter on February 12th.

The defendant's main argument in favor of constructive receipt is that Decker received the letter when Petersen's office received it. In order to prevail on this argument, the defendant must establish that Petersen, or a member of her office staff, received the notice on February 12th and that receipt by Petersen was constructive receipt by Decker.

With regard to the first issue, the Court notes that the receipt on the certified letter is clearly dated February 12, 1976. Thus, although the Court has some doubts, it will accept that Petersen's office received the letter on February 12th. *See* footnote 3

---

2. In order to express her feelings towards the EEOC, Petersen wrote a letter on February 12, 1976 to Duke Beasley, the Acting Regional Director of the EEOC, which in essence complains that the EEOC was disregarding her rights as Decker's attorney and was bypassing her and dealing directly with Decker. The letter evidences Petersen's ignorance of the EEOC's decision to issue the right to sue letter.

3. Although the receipt on the certified letter states that the letter was received on February 12, 1976, there is a real question in the Court's mind whether the date on that receipt is accurate. The EEOC mailed Decker's notice in care of Petersen on February 11, 1976 but it bore the wrong address and had the wrong zip code for that address. *See* Transcript of Evidentiary Hearing at 146–47. Thus, it is debatable whether the letter arrived in Petersen's office the next day after the mailing.

448

*supra.* The defendant avers that an attorney's receipt of a notice of right to sue operates as a constructive receipt by the plaintiff. *Citing Gonzalez v. Stanford Applied Engineering,* 597 F.2d 1298 (9th Cir. 1979). The exact statement by the *Gonzalez* Court supporting this proposition is: "We hold that when the request for issuance of a right to sue letter comes from a claimant's attorney, notice to the attorney that the right to sue has been granted starts the time running." *Id.* at 1299. Thus, in *Gonzalez,* not only did the attorney request a right to sue letter but the letter was specifically addressed to the attorney and the plaintiff was also simultaneously mailed his own letter.

The facts of *Gonzalez* are consequently unlike the present case. Neither Petersen nor Decker requested a right to sue letter. The letter was not addressed to Petersen but to Decker in care of Petersen. Petersen had no actual or apparent authority to open Decker's mail. Finally, unlike *Gonzalez,* Decker herself was never mailed a notice of right to sue.

The *Gonzalez* Court stressed the importance of the attorney's request for a notice of right to sue. The Court stated: "Communication with the attorney respecting a right to sue letter that he himself requested on behalf of his client was communication with the client in the proper and appropriate way." *Id.* In view of the *Gonzalez* Court's emphasis on the attorney's request for the right to sue letter and the other facts in *Gonzalez* which are dissimilar to the present case, this Court does not find *Gonzalez* persuasive precedent.[4]

While not yet having specifically addressed the question of constructive receipt by an attorney, the Eleventh Circuit has adopted a flexible rule in determining whether a claimant constructively received a notice of right to sue through other parties. *See Bell v. Eagle Motor Lines,* 693 F.2d 1086 (11th Cir.1982), *quoting Lewis v. Connors Steel Co.,* 673 F.2d 1240, 1242 (11th Cir.1982). The *Lewis* Court stated:

We need not embrace the doctrine of constructive receipt, nor close our eyes to the liberal construction the act is entitled to in order to fashion a fair and reasonable rule for the circumstances of this case. There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.

The *Lewis* Court recognized that a case by case analysis is necessary to fairly determine whether to apply the doctrine of constructive receipt. In both *Bell* and *Lewis,* the Court concluded that it would apply the doctrine and thus deny the plaintiffs an extension beyond the ninety day limit for bringing an action.

However, like *Gonzalez,* there are important differences between the facts before the Eleventh Circuit in *Bell* and *Lewis* and the instant case. In both of those cases the EEOC mailed the notice of right to sue directly to the plaintiffs' residences after the plaintiffs had requested a notice. In rendering its decision, the Fifth Circuit was noticeably skeptical of the plaintiffs' claims of non receipt when the notice was signed for by someone in the plaintiffs' households. Furthermore, as the plaintiff had requested a notice, the *Lewis* Court could find that the plaintiff was negligent in not anticipating the notice and thus continually updating his whereabouts with the EEOC.

The facts in *Lewis* and *Bell,* as did the facts in *Gonzalez,* illustrate the impropriety

4. The defendant also cites several Fifth Circuit cases which in dicta state that receipt by an attorney of the plaintiff's notice of a right to sue could trigger the time period for Title VII. *Franks v. Bowman Trans. Co.,* 495 F.2d 398 (5th Cir.1974), *rev'd and remanded on other grounds,* 424 U.S. 747, 749, 96 S.Ct. 1251, 1257, 47 L.Ed.2d 444 (1976); *Huckeby v. Frozen Food Express,* 555 F.2d 542 (5th Cir.1977). However, while both *Franks* and *Huckeby* broadly stated that receipt by an attorney of a notice of right to sue is receipt by the client, neither case involved the kind of tenuous attorney-client relationship and dubious EEOC procedures which are now before the Court.

of applying the doctrine of constructive receipt to the situation now before the Court. It cannot be said that Decker failed "through fault of her own" to timely receive the notice. *See Lewis supra* at 1243. Neither Petersen nor Decker requested a right to sue. Thus, it cannot be said that they should have been expecting one. Unlike the plaintiffs in *Lewis* and *Bell* there is no possibility that Decker actually received ninety days notice. It is uncontested that the earliest she received notice was on February 16th or 17th. To further distinguish the present facts from *Bell* and *Lewis,* the EEOC after resisting Petersen's efforts to be recognized as Decker's attorney inexplicably mailed to Petersen, Decker's notice of right to sue. There had been no other correspondence between the parties which had been similarly addressed. In fact, the EEOC had previously dealt directly with Decker. Petersen probably should not have opened Decker's mail as she had no actual authority to do so. In any case, as Decker was never mailed a notice she would not have been aware of her right to sue until after February 16th, except for Petersen's opening of the notice.

In sum, the Court concludes that based upon a consideration of all the unique facts of this case, it does not find that Decker constructively received the notice via Petersen. There is simply too many oddities in the Decker-Petersen relationship and deviations from what is presumably standard EEOC procedures to hold Decker to the severe result of constructive receipt. As only the date of Decker's actual receipt of the EEOC's notice of right to sue will count for purposes of the statute of limitations,[5] the plaintiff's suit was timely filed. Accordingly, the defendant's motion to dismiss is DENIED.

---

5. Taking February 16, 1976 as the date of Decker's actual notice of her right to sue, the suit must have been filed by May 16, 1976. The suit was filed on May 13, 1976. Thus, the suit is timely.