Robin HARPER, Appellant,

v.

Wilton B. BURGESS, t/a Quik-E Food, Appellee.

No. 82–1500.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 12, 1983.
Decided Feb. 23, 1983.

**30**

Killis T. Howard, Lynchburg, Va., for appellant.

J. Michael Gamble, Amherst, Va. (Pendleton & Gamble, Amherst, Va., on brief), for appellee.

Before WIDENER and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Robin Harper appeals the grant of summary judgment for the defendant in the sexual employment discrimination suit she filed against her former employer pursuant to 42 U.S.C. § 2000e. The district court granted defendant's motion for summary judgment because Harper's civil suit was not timely filed within 90 days as required by 42 U.S.C. § 2000e–5(f)(1). While Mrs. Harper had been issued a right to sue letter by the Equal Employment Opportunity Commission (EEOC) on April 30, 1980, she did not file suit in district court until June 8, 1981. We affirm.

Mrs. Harper was represented by an attorney when she negotiated her claim with the EEOC, who sought a right to sue letter from the EEOC in April 1980. It is not disputed that he received a copy of the right to sue letter when it was issued in 1980. Mrs. Harper did not herself receive the original of that letter, assumedly because she had moved and failed to notify the EEOC of her change of address.

Mrs. Harper's counsel then sought a second right to sue letter from the EEOC. The EEOC sent a photocopy of the original right to sue letter to Harper and her attorney in March 1981. Plaintiff did receive this letter. With new counsel, Mrs. Harper then filed this suit.

The district court granted defendant's motion for summary judgment, finding the suit time barred, after concluding that notice to Harper's counsel was notice to her for purposes of the 90-day filing period. We agree and rely upon the reasoning of the district court. Accord: *Decker v. Anheuser-Busch,* 632 F.2d 1221 (5th Cir. 1980); *Gonzalez v. Stanford Applied Engineering,* 597 F.2d 1298 (9th Cir.1979).

Additionally, we note that Mrs. Harper did not notify the EEOC of her change of address as she had agreed to. Had she done so, we must assume that she would have personally received the original of the right to sue letter from the EEOC in 1980. Under these circumstances, we find no "recognized equitable grounds" to toll the running of the 90-day limitation. *Stebbins v. Nationwide Mutual Ins. Co.,* 469 F.2d 268 (4th Cir.1972), cert. den. 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973).

Accordingly, the judgment of the district court is

AFFIRMED.