Raphel R. ANOOYA, Plaintiff-Appellant,

v.

HILTON HOTELS CORPORATION, a foreign corporation, Defendant-Appellee.

No. 82–2252.

United States Court of Appeals, Seventh Circuit.

Submitted March 14, 1984.*

Decided April 26, 1984.

---

* Both parties have waived oral argument. The appeal has therefore been submitted on the briefs and record.

Murray B. Woolley, Chicago, Ill., for plaintiff-appellant.

Donald F. Peters, Jr., Law Office of Sidney R. Korshak, Chicago, Ill., for defendant-appellee.

Before PELL, BAUER and CUDAHY, Circuit Judges.

PER CURIAM.

Plaintiff Raphel Anooya appeals the dismissal of his employment discrimination complaint brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. We affirm.

This action arises out of plaintiff's discharge by defendant Hilton Hotels Corporation ("Hilton"). Upon his dismissal, plaintiff filed discrimination charges with the Equal Employment Opportunity Commission (the "EEOC"). The EEOC ultimately issued a notice of right-to-sue letter on September 8, 1981. The record indicates that plaintiff received the notice on October 16, 1981. He filed this action in federal district court 91 days later on January 15, 1982, alleging that Hilton discriminated against him on the basis of national origin, color, and race. Hilton moved to dismiss the complaint. The district court granted the motion, concluding that any Title VII action was time-barred, and that plaintiff had failed to state a claim upon which relief could be granted under section 1981. Plaintiff appeals.

In order to bring suit under Title VII, a plaintiff must generally file the complaint within 90 days of receipt of the notice of right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1). According to the record, 91 days passed before Anooya filed his complaint and, absent special circumstances which give rise to waiver, estoppel, or equitable tolling of the 90 day period, the Title VII action is time-barred. *Cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

On appeal Anooya argues that newly discovered evidence establishes that he filed his complaint within the appropriate period. However, the proper forum for raising this issue is before the district court in a Rule 60(b) motion for relief from judgment. *See* Fed.R.Civ.P. 60(b).[1] Given the record properly before this court, we affirm the district court's holding that the Title VII action is time-barred.

Plaintiff also invokes section 1981 for relief, claiming that Hilton fired him because of his national origin, that he is "of Iraqi background," and that he "was discriminated against on account of his national origin, Iraq." The legislative history

---

1. We note that a motion for relief from judgment based on newly discovered evidence cannot be filed after a year has passed from entry of judgment. Since over a year has already passed since the district court entered its June 30, 1982 opinion, this route would not preserve plaintiff's Title VII claim. We express no opinion on the merits of a motion brought pursuant to Rule 60(b) for relief from the operation of the judgment for "any other reason."

of the statute "clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality."[2] Thus, section 1981 does not protect against discrimination based on sex or religion[3] or age.[4] The Supreme Court has never, however, squarely held that a claim of discrimination based solely on national origin fails to state a cause of action under section 1981. *Cf. McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 287, 96 S.Ct. 2574, 2582, 49 L.Ed.2d 493 (1976); *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–1720, 44 L.Ed.2d 295 (1975); *Georgia v. Rachel*, 384 U.S. 780, 790–91, 86 S.Ct. 1783, 1789–1790, 16 L.Ed.2d 925 (1966). Two circuits which have discussed the issue have stated in dicta that such allegations, by themselves, are insufficient. *Keating v. Carey*, 706 F.2d 377, 383–84 (2d Cir.1983); *Bullard v. OMI Georgia, Inc.*, 640 F.2d 632, 634 (5th Cir.1981).[5] We think this result correct, given the legislative history of section 1981 and the characterization of its purpose by the Supreme Court as the prevention of discrimination between races. In the absence of an allegation of racial animus, either explicit or reasonably inferable from the pleadings, plaintiff cannot maintain his section 1981 action. Accordingly, the decision of the district court is

AFFIRMED.

CUDAHY, Circuit Judge, concurring.

In my opinion, the result reached by the majority may conflict with that reached by the Tenth Circuit in *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968 (10th Cir. 1979). In *Manzanares,* the complaint apparently alleged only that the plaintiff was of "Mexican-American descent" or words to that effect. I cannot readily distinguish the allegation in *Manzanares* from the one before us, which invokes "Iraqi origin" or "background." *See also Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298 (9th Cir.1979). One available approach here would be to accept the allegation before us and leave to summary judgment the question whether "race" (in either the popular or the anthropological sense) or color was involved. I think on balance, however, that it would be better to require that the complaint allege *some* facts from which it can be reasonably inferred that the plaintiff belongs to a group that is distinct from "white citizens" as a matter of race or color.[1] Differences of race and color

---

**2.** *Georgia v. Rachel,* 384 U.S. 780, 791, 86 S.Ct. 1783, 1789, 16 L.Ed.2d 925 (1966). One such category of rights afforded a federal remedy is discrimination in private employment on the basis of race or color. *See, e.g., McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

**3.** *Runyon v. McCray*, 427 U.S. 160, 167, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976).

**4.** *Kodish v. United Air Lines, Inc.*, 628 F.2d 1301, 1303 (10th Cir.1980).

**5.** The Tenth Circuit has concluded "that section 1981 is directed to racial discrimination primarily, but is not necessarily limited to the technical or restrictive meaning of 'race.'" *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 971 (10th Cir.1979). In *Manzanares,* the court allowed plaintiff to sue under section 1981 although his complaint merely alleged that he was of Mexican-American descent. The court, recognizing that the claim involved more than national-origin discrimination, *id.* at 971, equat-ed "racial discrimination" to the animus experienced by Mexican-Americans, Spanish-Americans, Spanish-surnamed individuals, and Hispanics. Similarly, the Ninth Circuit reversed a summary judgment for defendants in a section 1981 action where plaintiff had claimed "that the discrimination he suffered was directed at those Mexican-Americans having, by virtue of their descent, a brown rather than a white skin." *Gonzalez v. Stanford Applied Engineering*, 597 F.2d 1298, 1300 (9th Cir.1979). Such prejudice toward "those of Mexican-descent having a skin color not characteristically caucasian" was said to be racial prejudice under section 1981. *Id.* We need not decide today whether to adopt such an expansive interpretation of "racial prejudice" since plaintiff does not plead special facts that equate the evil of racial discrimination as understood by the drafters of section 1981 to the alleged national-origin animus experienced by persons of Iraqi descent.

**1.** It is difficult to say that Iraqis are either "scientifically" regarded or "commonly accepted" as being of a different race. *Cf. Budinsky v. Corning Glass Works*, 425 F.Supp. 786, 788–89

are, of course, physical and are presumably apparent to the casual observer. Groups so distinguishable were, I believe, within the legislative purpose of the Civil Rights Act of 1866. Therefore, allegations which raise inferences of some basis in race or color should be acceptable. Since the present allegations of "Iraqi origin" apparently raise no such inference, I agree with the majority that they are inadequate.

(W.D.Pa.1977). A reference in the allegation to skin color would, of course, change the case.

*See Gonzalez v. Stanford Applied Engineering, Inc., supra.*