**Virginia L. CUMBOW, Plaintiff,**

v.

**VERMONT AMERICAN CORPORATION, Defendant.**

**Civ. A. No. 83–0121–A.**

United States District Court, W.D. Virginia, Abingdon Division.

May 30, 1984.

---

Virginia L. Cumbow, pro se.

David Hutton, Abingdon, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiff, Virginia L. Cumbow, has brought this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e–17 (1976), alleging that the defendant unlawfully discriminated against her in the work place on the basis of sex and religion. Jurisdiction over this action is based upon 28 U.S.C. § 1343 and 42 U.S.C. § 2000e–5(f). The plaintiff is proceeding *pro se*.

The case is before the court on the defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Since the parties have filed affidavits and exhibits, the court will consider this motion like a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The defendant argues that the complaint was filed more than ninety (90) days after the date on which plaintiff's attorney accepted the right to sue letter issued by the District Director of the Equal Employment Opportunity Commission (EEOC).

The record reveals that the EEOC issued a notice of right to sue on December 22, 1982. James W. Bradford, Jr., Esquire, of Kingsport, Tennessee represented the plaintiff *pro bono* during the agency's proceeding. In his affidavit, James W. Bradford, Jr. states that his law firm stopped representing the plaintiff when all conciliation efforts failed. On January 20, 1982, Mr. Bradford advised the plaintiff that his law firm was unwilling to begin litigation on a *pro bono* or expense only basis. Nevertheless, the EEOC sent him a copy of the letter by certified mail which he accepted on December 28, 1982. The plaintiff, however, did not receive a personal copy because someone placed her old address upon the envelope. Since Mr. Bradford

had stopped representing her, he was not authorized to take her mail nor was he authorized to commence a suit in her behalf. The plaintiff, in her response to the motion to dismiss, avers that she never received the first notice of her right to sue, although she had furnished her new address to the EEOC. Yet in a letter to the court dated May 7, 1984, Mrs. Cumbow states that on February 27, 1983, she learned that the EEOC had issued a notice, a copy of which Mr. Bradford sent her. Mr. Bradford had not communicated with her since December 13, 1982. On March 9, 1983, the EEOC sent her a second notice, and on March 9, 1983, ninety-two days after Mr. Bradford received the first notice, she filed the case *sub judice*.

42 U.S.C. § 2000e–5(f)(1) provides in pertinent part that if the EEOC dismisses the charges filed with it, the Commission shall notify the aggrieved person of the dismissal, and the person may bring a civil action against the respondent named in the charge "within ninety days after the giving of such notice." "Unless tolled on recognized equitable grounds, this time limitation 'must be strictly adhered to' and '[r]emedies for resulting inequities are to be provided by Congress, not the courts.'" *Stebbins v. Nationwide Mutual Ins. Co.*, 469 F.2d 268, 269 (4th Cir.1972), *cert. denied*, 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973) (the appellate court affirmed the lower court's decision that no equitable grounds justified tolling the time limitation and the action, which was filed seventeen months after receipt of the letter, was filed untimely).

■ The ninety-day limitation is similar to a statute of limitation and is subject to waiver, estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Receipt of the notice from the EEOC triggers the running of the time period. *Stebbins v. Nationwide Mutual Ins. Co.*, 469 F.2d at 269. The record in this case shows that the plaintiff did not

actually receive her first letter. Two exhibits attached to the affidavit of Haywood L. Perry indicate that the certified letter was returned because of an insufficient address. These exhibits corroborate the averments of the plaintiff in a letter dated May 7, 1984 to the court in which she states that she did not learn of the notice until February 27, 1983.

The Fourth Circuit Court of Appeals has held that notice to the aggrievant's counsel is notice to her for purposes of the ninety-day filing period. *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir.1983) (per curiam). *Accord Decker v. Anheuser-Busch*, 632 F.2d 1221, 1223–24 (5th Cir.1980), *rev'd and remanded on rehearing*, 670 F.2d 506 (5th Cir.1982), *on remand*, 558 F.Supp. 445 (M.D.Fla.1983); *Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298, 1299 (9th Cir.1979); *contra, Thomas v. KATV Channel 7*, 692 F.2d 548, 550 (8th Cir.1982) (per curiam), *cert. denied*, 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983). The *Gonzales* case, which the Fourth Circuit cited, is distinguishable on its facts from the case *sub judice*. The Ninth Circuit Court of Appeals upheld the dismissal of the Title VII claim because the suit was not timely filed. "We hold that when the request for issuance of a right to sue letter comes from a claimant's attorney, notice to the attorney that right to sue has been granted starts the time running." 597 F.2d at 1299. In the instant case, neither Mr. Bradford nor any members of his law firm requested the letter. The panel opinion in the *Decker* case upon which the Fourth Circuit relied subsequently was vacated, and on rehearing, the Fifth Circuit vacated the judgment of the district court and remanded it for an evidentiary hearing. 670 F.2d at 507. On remand, the district court concluded that:

> based upon a consideration of all the unique facts of this case, it does not find that Decker constructively received the notice via Peterson [his attorney]. There is [sic] simply too many oddities in the

Decker-Peterson relationship and deviations from what is [sic] presumably standard EEOC procedures to hold Decker to the severe result of constructive receipt. As only the date of Decker's actual receipt of the EEOC's notice of right to sue will count for purposes of the statute of limitations, the plaintiff's suit was timely filed.

*Decker v. Anheuser-Busch,* 558 F.Supp. at 449 (footnote omitted). Utilizing a flexible rule to determine whether the claimant received constructive notice, the court denied the motion to dismiss. *Id.* at 448–49. In the *Harper* case, the Fourth Circuit Court of Appeals had little sympathy for the claimant who had moved without notifying the EEOC of her change of address and whose attorney had received a copy of the letter. The EEOC had issued the letter on April 30, 1980, and the plaintiff filed her suit on June 8, 1981, over thirteen months later. 701 F.2d at 30. The instant case is distinguishable from the facts of *Harper:* Mrs. Cumbow furnished the EEOC with her new address so that she might receive the letter promptly. The insufficient address was not a result of her failure to notify, but resulted from the agency's oversight of her change of address. Apparently, the EEOC recognized this error because they sent a second letter to her. Certainly the plaintiff should not be penalized for something that she tried to avoid. *See Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1243 (11th Cir.1982) (per curiam). Moreover, Mr. Bradford was not acting as her attorney at that time and had no authority to receive her mail. The instant factual situation is more akin to the circumstances in *Thomas v. KATV Channel 7* than in the preceding cases. In that action, the EEOC sent the right to sue letter to the claimant's attorney. An employee of his office picked up the letter on July 14, 1981; he forwarded the letter to the claimant who received it July 27. The Eighth Circuit Court of Appeals held that the action was timely filed since the claimant did not request the letter to be sent to his attorney and since he had not personally acknowledged it. 692 F.2d at 551.

■ This court is of the opinion that this action is filed timely. It is undisputed that Mr. Bradford received the notice on December 28, 1982; however, in his affidavit, he asserts that when he obtained the notice, he no longer represented the plaintiff and thus she should not be charged with the notice to him. The record shows that the plaintiff did not receive her letter but that her attorney sent her a copy which she received February 27, 1983. This date triggered the running of the statutory limitation. *See Billings v. Wichita State University,* 557 F.Supp. 1348, 1353 (D.Kansas 1983) (the statute was triggered when the plaintiff received her letter from the Justice Department, through the agency of Congressman Dellums, for the letter was substantially the same as the later letter from the EEOC). The plaintiff did not cause the letter to be improperly addressed; instead, she furnished the agency her new address which evidently was misplaced in all the bureaucratic machinery. Receipt of the letter by Mr. Bradford is insufficient in this case to invoke constructive notice upon the plaintiff, especially since he and his law firm were not representing her at the time.

Accordingly, the plaintiff filed her action within the ninety days following February 27, 1983, and the defendant's motion to dismiss is denied.