Carnes & Assoc., James A. Carnes, Baton Rouge, La., for plaintiff-appellant.

Samuel P. Jordan, Jr., Robert W. Morgan, Plaquemiene, La., for Dow Chemical, U.S.A.

Albert L. **RINGGOLD,**
**Plaintiff-Appellant,**

v.

**NATIONAL MAINTENANCE CORP., et al., Defendants,**

**Dow Chemical, U.S.A.,**
**Defendant-Appellee.**

No. 85–3528.

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1986.

Before BROWN, REAVLEY, and JONES, Circuit Judges.

PER CURIAM:

The appellant, Albert L. Ringgold, appeals the dismissal of his Title VII claim of racial discrimination against his employers pursuant to 42 U.S.C. § 2000e. The district court entered summary judgment in favor of the appellees, finding that Ringgold failed to file suit within 90 days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) as required by 42 U.S.C. § 2000e–5(f)(1). We affirm.

In 1983, Ringgold, through his attorney Geraldine Page, filed a charge with the EEOC. At that time, Page was a member

of the law firm of Carnes and Page. Page subsequently left the partnership, leaving all partnership cases, files, and records with Carnes. On August 17, 1983, the EEOC contacted Carnes about a settlement offer from Ringgold's former employers. On August 25, Carnes wrote to the EEOC rejecting the settlement offer and requesting the issuance of a right-to-sue letter. On October 6, 1983, a right-to-sue letter was delivered to Carnes's office. Carnes was out of town but his sister signed for the certified letter, which was addressed to "Geraldine Page, Atty., Carnes & Page." Carnes returned to his office on October 10 and delivered several pieces of mail to Page, at which time she opened the right-to-sue letter and gave it to Carnes.[1]

Ringgold's suit was filed in the district court on January 6, 1984, 92 days after the delivery of the right-to-sue letter. The district court held that actual notice to the claimant's designated attorney was constructive notice to the claimant, and that equitable tolling was not warranted.

We hold that the 90-day period of limitation established by 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant. *See Josiah-Faeduwor v. Communications Satellite Corp.*, 785 F.2d 344, 347 (D.C.Cir.1986); *Jones v. Madison Services Corp.*, 744 F.2d 1309, 1313–14 (7th Cir.1984); *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir.1983); *Decker v. Anheuser-Busch*, 632 F.2d 1221, 1223–24 (5th Cir. 1980), *vacated and remanded for additional factfindings*, 670 F.2d 506 (1982) (en banc), *on remand*, 558 F.Supp. 445 (M.D. Fla.1983); *Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298, 1299 (9th Cir.1979). *Cf. Thomas v. KATV Channel 7*, 692 F.2d 548, 551 (8th Cir.1982) (notice to counsel could satisfy statutory require-

ments if the claimant requests that notice be sent to designated counsel and designated counsel personally acknowledges receipt). Ringgold's suit, filed 92 days after delivery to his designated counsel of the right-to-sue letter, was untimely. Ringgold has alleged no facts which would warrant equitable tolling.[2] The dismissal of Ringgold's Title VII action is

AFFIRMED.

---

1. Also on October 6, 1983, a right-to-sue letter was delivered to Ringgold's residence. His wife signed for the certified letter. Ringgold asserts he never knew of his wife's receipt of the letter. The district court did not decide whether receipt by Ringgold's wife of the right-to-sue letter constituted notice to Ringgold, however, compare

*Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247 (5th Cir.1985).

2. Carnes, who had 86 days to file suit after he read the right-to-sue letter, has offered no explanation for his failure to timely file a complaint.