932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Vincent J. MANGANELLO, Plaintiff-Appellant,
v.
NEWELL WINDOW FURNISHINGS COMPANY and Newell Company,
Defendants-Appellees.
 No. 90-1427
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 8, 1991.
 
 Before WOOD, Jr., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-Appellant, Vincent J. Manganello, appeals from the district court's dismissal of his complaint filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et. seq. The district court dismissed the complaint for Manganello's failure to timely file a charge with the Equal Employment Opportunity Commission (EEOC). We affirm.
 
 I.
 
 2
 In 1979, Manganello commenced his employment with Newell Window Furnishings Company. Eventually, Manganello was promoted to the position of zone sales manager for the northeast zone. Manganello held that position at all relevant times for purposes of this appeal. On August 8, 1986, Manganello received notice that his employment with Newell would be terminated as of September 1, 1986. On August 28, 1987, Manganello filed a charge of age discrimination with the EEOC. On August 26, 1988, Manganello received a no-action letter from the EEOC, indicating that it would not proceed further with his charge.
 
 
 3
 On September 1, 1988, Manganello filed a three-count complaint in the United States District Court for the District of Massachusetts pursuant to the ADEA and two state discrimination statutes. The case was transferred to the United States District Court for the Northern District of Illinois in January 1989. Thereafter, Newell filed a motion to dismiss primarily on the grounds that Manganello had not filed a timely charge with the EEOC. The district court dismissed the ADEA count on that basis and declined to exercise its pendente jurisdiction over the remaining state law counts. This appeal followed.
 
 II.
 
 4
 A plaintiff in a ADEA case is required to file a charge with the EEOC which encompasses the discriminatory conduct included in the federal action. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011, 1019 (1974). Section 626 of the ADEA establishes the limitations period for filing the EEOC charge. The parties agree that this case is governed by Sec. 626(d)(2); thus, the charge had to be filed within 300 days after the alleged unlawful practice occurred. 29 U.S.C. Sec. 626(d)(2).
 
 
 5
 In this instance, the district court determined the unlawful practice probably occurred when Manganello was notified of his termination on August 8, 1986 and, consequently, that date is the proper date from which to calculate the 300-day filing period. See Vaught v. R.R. Donnelley & Sons, 745 F.2d 407, 411 (7th Cir.1984) (quoting Delaware State College v. Ricks, 449 U.S. 250, 261, 101 S.Ct. 498, 506 (1980)) (" '[L]imitations periods normally commence when the employer's decision is made.' "). However, the district court elected to give Manganello every benefit of the doubt, noting that at the very latest the unlawful practice occurred when Manganello's termination became effective on September 1, 1986. If those dates are used, the 300-day limitations period expired either on June 5, 1987 or June 29, 1987. As such, Manganello's filing of August 28, 1987, was untimely and the district court properly dismissed the ADEA count.
 
 
 6
 On appeal, Manganello argues for the first time that the statutory period for filing an EEOC charge should be tolled because the defendants did not post the statutorily required notice of the ADEA and its limitations period. See Kephart v. Institute of Gas Technology, 581 F.2d 1287, 1289 (7th Cir.1978). Plaintiff did not raise his equitable tolling argument in the district court, therefore, it is waived. Cange v. Stotler & Co., 913 F.2d 1204, 1211 (7th Cir.1990) (failure to raise issue in the district court resulted in waiver of right to raise the issue on appeal).
 
 
 7
 Finally, Manganello argues that he is entitled to relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure because of the defendants' failure to post the notice. In order to seek relief from judgment under Rule 60(b), Manganello was initially required to file his motion in the district court; however, he did not do so in this instance. This court is an improper forum for initially raising the Rule 60(b) argument; thus, we do not reach the issue. See Anooya v. Hilton Hotels Corp., 733 F.2d 48, 49 (7th Cir.1984) (per curiam) (proper forum for requesting relief from judgment is the district court and not the court of appeals).
 
 III.
 
 8
 For all of the foregoing reasons, the district court decision dismissing the complaint is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record