[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13076
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-02139-CEM-TBS


STUART WINSOR,

                                                          Plaintiff - Appellant,

versus

THE HOME DEPOT U.S.A., INC.,

                                                          Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 31, 2018)

Before TJOFLAT, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Stuart Winsor, proceeding *pro se*, appeals the district court's dismissal of his employment discrimination complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* On appeal, Winsor argues that the district court erred by dismissing his complaint as untimely and by failing to apply equitable tolling. After careful review, we affirm.

## I.

Winsor filed a complaint with the Equal Employment Opportunity Commission ("EEOC") after store officials at Home Depot, U.S.A., Inc. failed to hire him. On July 5, 2016, the EEOC issued Winsor a right-to-sue letter, notifying him that he had 90 days from receipt to file a civil action against Home Depot. On October 14, 2016, Winsor filed suit against Home Depot in Florida state court.

Home Depot removed the action to federal court and filed a motion to dismiss. In its motion, Home Depot argued that Winsor's lawsuit was untimely because it had been filed past the 90-day deadline. Winsor failed to respond, and the district court granted Home Depot's motion. The district court, assuming Winsor had received the right-to-sue letter on July 8, 2016—three days after it was issued on July 5, 2016—found that Winsor had filed his complaint on the 98th day, making it untimely.

2

After the district court dismissed his complaint, Winsor filed a "Petition for Permission to Appeal," which the district court construed as a motion for reconsideration. In the motion, Winsor explained the following: The United States Postal Service ("USPS") had attempted to deliver the right-to-sue letter on July 7, 2016. Winsor signed the delivery notice on July 8, 2016, requesting that USPS deliver the letter to his apartment management staff, who were authorized to sign for delivery. USPS delivered the letter to the leasing office for Winsor's apartment on July 11, 2016, but did not leave a notice in Winsor's mailbox or on the door of his residence that the letter had been delivered. In addition, the apartment management staff does not notify residents when their mail is received. Winsor picked up the letter from the office on July 16, 2016, when he happened to be at the leasing office for an unrelated reason.

Winsor also asserted in the motion that he had responded to Home Depot's motion to dismiss by filing—before the district court's ruling on the motion to dismiss—a "Production of Documents" to which he had attached copies of the delivery notices and a description of the delivery attempts.[1] The district court denied the motion. This is Winsor's appeal.

---

[1] There is no indication on the district court docket that Winsor's "Production of Documents" or any associated exhibits ever were filed. Winsor asserts for the first time in his brief on appeal that he also filed a "Second Production of Documents," but that filing does not appear on the district court docket, either.

3

II.

We review *de novo* the grant of a motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).

III.

On appeal, Winsor argues that the district court erred by dismissing his complaint as untimely and by failing to apply equitable tolling.[2]  For the reasons that follow, we disagree.

A plaintiff has 90 days to file an employment discrimination lawsuit after receiving the EEOC's notice of right to sue.  42 U.S.C. § 2000e-5(f)(1).  Under the ADA, a plaintiff must comply with the same procedural requirements to sue that exist under Title VII.  42 U.S.C. § 12117(a).  We analyze whether a plaintiff has complied with the 90-day deadline "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case."  *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (internal quotation marks omitted).

We have declined to impose a requirement of "actual receipt" of the right-to-sue letter where it might foster a "manipulable open-ended time extension which would render the statutory limitation meaningless."  *Law v. Hercules, Inc.*, 713

---

[2] Winsor also argues that the district court erred by dismissing his complaint for failure to plead specific facts showing that he exhausted his administrative remedies.  This argument is without merit.  Although the district court mentioned its ability to dismiss a plaintiff's complaint for failure to plead conditions precedent to filing suit, the court actually dismissed Winsor's suit because it was untimely.

F.2d 691, 692-93 (11th Cir. 1983) (internal quotation marks omitted).  A plaintiff must assume "some minimum responsibility . . . for an orderly and expeditious resolution of [his] claims."  *Kerr*, 427 F.3d at 952 (internal quotation marks omitted).  If a right-to-sue letter was mailed to the plaintiff's address and the plaintiff "did not receive it either because another person signed for it or because [he] failed to retrieve it from the post office or mail box," then "[r]eceipt is presumed" unless the plaintiff can show that failure to receive the letter was "in no way" his fault.  *Id.*; *see Law*, 713 F.2d at 692-93 (affirming dismissal of Title VII complaint as untimely where plaintiff's son, at the direction of plaintiff's wife, picked up the right-to-sue letter at the post office and left it on the kitchen table, but plaintiff did not actually receive the letter until one or two days later); *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086, 1086-87 (11th Cir. 1982) (affirming dismissal of Title VII complaint as untimely where plaintiff's wife received the right-to-sue letter while plaintiff was out of town, but plaintiff did not actually receive the letter until a week later).  Additionally, "[w]hen the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail."  *Kerr,* 427 F.3d at 953 n.9.

Here, the district court did not err in dismissing Winsor's complaint as untimely because it was filed after the 90-day deadline.  The right-to-sue letter was issued on July 5, 2016.  Winsor failed to allege in the complaint when he received

5

the letter.  Accordingly, when the district court granted the motion to dismiss, it did not err in presuming, consistent with *Kerr*, that the letter was received three days later, on July 8, 2016.  *See id.*  Winsor filed suit on October 14, 2016, 98 days after presumed receipt.  He thus failed to file timely his complaint.

Even if we consider the facts Winsor alleged in his "Petition for Permission to Appeal"—filed after the district court dismissed his complaint—the dismissal was proper.  Winsor admitted that he signed a delivery notice on July 8, 2016, authorizing USPS to leave the right-to-sue letter with his apartment management.  There is no dispute that USPS did so on July 11, 2016.  Winsor argues that because he did not pick up the letter from management until July 16, 2016, the 90-day period started running on that date, but we cannot agree.  The 90-day period began to run, at the latest, on July 11, 2016, when Winsor's apartment management received the right-to-sue letter according to his authorization.  *See Law*, 713 F.2d at 693; *Bell*, 693 F.2d at 1086-87.  Winsor knew USPS had attempted to deliver a letter on July 8, yet he failed to check with the office for eight days, only then discovering the letter by chance.[3]  He thus failed to assume "some minimum

---

[3] In his briefing on appeal, Winsor asserts that he had no way of knowing that the letter was from the EEOC until he actually received it on July 16, 2016 because the sender had been identified only as "Miami District" on the delivery notice.  Appellant's Br. at 11.  Winsor did not include this fact in his construed motion for reconsideration filed in the district court.  The district court thus did not have the opportunity to consider this fact, nor is it part of the record on appeal, so we cannot consider it.  *See* Fed. R. App. P. 10(a); *Access Now Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332-35 (11th Cir. 2004) (explaining that absent exceptional circumstances, we will not consider arguments that are raised for the first time on appeal).

responsibility . . . for an orderly and expeditious resolution of [his] claims." *Kerr*, 427 F.3d at 952 (internal quotation marks omitted). Even if we accept the facts Winsor alleged in his motion and count the 90-day period from July 11, when USPS delivered it to the office, his complaint properly was dismissed as untimely because it was filed 95 days later.

Winsor also argues on appeal that the district court erred by failing to consider equitable tolling of the 90-day limitation period. But Winsor failed to raise equitable tolling before the district court, so he has not preserved the issue for appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This [c]ourt has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (internal quotation marks omitted)). Were we to consider Winsor's argument, however, we would conclude that the circumstances do not warrant equitable tolling. A party seeking equitable tolling must prove that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. *Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc), *cert denied*, 137 S. Ct. 2292 (2017). Winsor has failed to show that either requirement has been met.

IV.

For the foregoing reasons, we affirm the district court's dismissal of Winsor's complaint.

**AFFIRMED.**