**Katherine DECKER, Plaintiff-Appellee,**

v.

**ANHEUSER–BUSCH,
Defendant-Appellant.**

**No. 78–3493.**

United States Court of Appeals,
Fifth Circuit.*

March 15, 1982.

John P. McAdams, Peter W. Zinober, Tampa, Fla., for defendant-appellant.

Stephen F. Hanlon, Levine, Freedman, Hirsch & Levinson, Tampa, Fla., for plaintiff-appellee.

Frank E. Hamilton, III, Hamilton & Douglas, Tampa, Fla., for amicus curiae Judith A. Petersen.

Before GODBOLD, Chief Judge, BROWN, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POLÍTZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, THOMAS A. CLARK**, WILLIAMS and GARWOOD, Circuit Judges.

PER CURIAM:

The court permitted the late filing of Katherine Decker's application for rehear-

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

** Judge Thomas A. Clark recused himself and did not participate.

ing with suggestion for rehearing en banc because of allegations in brief and affidavit which included serious charges leveled at Decker's prior counsel of record and because of questions concerning the factual conclusions reached in the panel opinion. 632 F.2d 1221 (5th Cir. 1980). These relate to matters material to the question before the panel, the timeliness of the filing of Decker's Title VII suit. Our granting of the rehearing en banc vacates the panel opinion. 5th Cir. R. 17.

The judgment of the district court on the issue of timeliness of the filing of this suit is vacated and the matter is remanded for reconsideration of Anheuser-Busch's motion to dismiss after an appropriate evidentiary hearing. At this hearing specific inquiry is to be made into all relevant facts, including; the scope and extent of the relationship existing on February 12, 1976, between Katherine Decker and Judith A. Petersen; the date this relationship began; authorization, if any, for Petersen to receive mail on Decker's behalf; authorization, if any, for Petersen to open mail addressed to Decker in care of Petersen; the date Petersen personally received the envelope containing the right-to-sue notice at issue in this matter; the date Petersen notified Decker, if she did, of her receipt of the notice; and whether Decker received a copy of the notice separate from that addressed to her in care of Petersen and, if so, when. This list of inquiries is not intended to be exclusive; the district judge may expand the hearing into any other matters considered relevant to the mailing and receipt of the EEOC right-to-sue notice(s), and to the nature, extent, commencement, duration, qualifications, and limitations of the Decker-Petersen attorney-client relationship.

Evidence concerning several of these factors is not contained in the record before us, others are seriously controverted, and the trial judge has not made findings concerning them. Having found the pertinent facts, the district court shall then determine whether Decker's Title VII suit was timely filed.

The court notes that any further appellate proceeding in this matter shall constitute a new appeal to be entertained by the Eleventh Circuit.

REVERSED and REMANDED.