Jeanne POLISOTO, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of Defense, et al., Defendants.

No. SA–84–CA–308.

United States District Court,
W.D. Texas,
San Antonio Division.

Jan. 29, 1986.

**1354**

Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., for defendants.

H. Paul Canales, San Antonio, Tex., for plaintiff.

## MEMORANDUM OPINION AND ORDER

SESSIONS, Chief Judge.

ON THIS DATE came on to be considered the motion of the Defendants to dismiss the Plaintiff's complaint, or, in the alternative, for summary judgment, and the Plaintiff's cross-motion for summary judgment. As an initial matter, the Court notes that although the Plaintiff styled her response to the Defendants' motion for summary judgment "Plaintiff's response to defendant's [sic] motion to dismiss plaintiff's complaint or, in the alternative motion for summary judgment," Plaintiff wholly fails to develop any basis for summary judgment in her response. As Plaintiff fails to develop any factual or legal support for a summary judgment in her favor, the Court shall deny Plaintiff's alternative motion for summary judgment.

## I

## INTRODUCTION

The Plaintiff is a woman who was employed by the Department of the Air Force as a Training Instructor at the Defense Language Institute at Lackland Air Force Base in San Antonio, Texas ("DLI"). Plaintiff filed her complaint alleging violations of Title 42, United States Code, Section 2000e *et seq.* and Title 42, United States Code, Sections 1985 and 1986, on October 26, 1983, in the Federal District Court for the District of Columbia. The case was transferred to this Court by Order of the District of Columbia Court for improper venue.

The Defendants have moved to dismiss, or, in the alternative, for summary judgment based upon their contention that the Plaintiff's complaint filed pursuant to 42 U.S.C. § 2000e *et seq.* was untimely filed. The Defendants seek to dismiss the portion of the Plaintiff's complaint alleging violations of 42 U.S.C. §§ 1985 and 1986 on the basis that 42 U.S.C. § 2000e *et seq.* pro-

vides the exclusive remedy for discrimination in federal employment, and on the basis that the Defendants were not employed by the Government at the time of the alleged employment discrimination and consequently could not have conspired to deprive the Plaintiff of any protected rights. Defendants also seek dismissal of the Plaintiff's 1985 and 1986 count alleging that it cannot be held liable to the Plaintiff on the basis of *respondeat superior.*

## II

### BACKGROUND

On August 17, 1978, Ms. Jeanne Polisoto filed a formal complaint alleging discrimination on the basis of sex in connection with her transfer from one function to another within DLI at Lackland Air Force Base ("AFB"), Texas (hereinafter referred to as the "Reassignment Complaint"). *See Administrative Record,* Volume III, page 28 [hereinafter cited in the following form, *e.g.,*: AR–III.28.]. On February 15, 1980, the Air Force issued a final decision concluding that Plaintiff had not been discriminated against on the basis of sex with respect to her Reassignment Complaint. AR–III.25. Plaintiff subsequently appealed this decision to the Office of Review and Appeals ("ORA") within the Equal Employment Opportunity Commission ("EEOC"). ORA received Plaintiff's notice of appeal of the reassignment decision on March 18, 1980. AR–III.22. The factual circumstances surrounding the incident that led to Plaintiff's reassignment and the factual allegations that form the basis for Plaintiff's complaint are not relevant to the Court's discussion as the Court will assume that Plaintiff's charges of sexual discrimination are true for purposes of deciding Defendants' motion to dismiss. *See Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Defendant alleges that Plaintiff was reassigned due to improper conduct by the Plaintiff with a student and because of complaints relating to her classroom performance. Plaintiff alleges that she was transferred to an undesirable posi-

tion, arbitrarily denied a request for leave without pay, was given undesirable and unusually difficult work assignments, that Defendants circulated false and highly damaging rumors alleging personal misconduct, and sought to discourage Plaintiff from pursuing her complaint, all on account of sexual discrimination.

In a decision dated October 9, 1980, the ORA denied Plaintiff's appeal as untimely filed. AR–III.24. The Commission based its decision upon language and the EEOC's regulations permitting complainants to "file a notice of appeal at any time up to 20 calendar days after receipt of the agency's notice of final decision." 29 C.F.R. § 1613.233(2). The Commission noted that Plaintiff's notice of appeal was received on March 18, 1980, and concluded that it was not forthcoming until "twenty-six days following the date the appellant [was] deemed to have received the final agency decision." AR–III.23. It appears that the Commission's conclusion was premised on the EEOC's presumption that, "in all cases in which evidence of the actual date of receipt is lacking, the final agency decision will be deemed to have been received 5 days following the date of decision." 44 Fed.Reg. 34, 494 (June 15, 1979). Applying this rebuttable presumption, it appears the Commission concluded that Plaintiff received the final Air Force decision on her Reassignment Complaint on February 20, 1980.

ORA dispatched this decision to the Plaintiff at 1824 Texas Avenue, San Antonio, Texas 78228, via certified mail. One "Susan Polisoto" executed a return receipt for the decision on December 13, 1980. *See* Exhibit "A" to *Defendants' Motion.* Shortly thereafter, Mr. Shelby Hollin, esq., Plaintiff's attorney, dispatched a request to reopen the proceedings pursuant to 29 C.F.R. § 1613.235. AR–III.14. Mr. Hollin represented the Plaintiff during the entire course of the administrative hearings in this matter. AR–III.1. The Commission denied Plaintiff's request to reopen the proceedings on the reassignment decision in a decision dated August 20, 1982. AR–III.4. It appears that this decision was mailed to

Plaintiff Polisoto at the same San Antonio address that elicited such a prompt response from Plaintiff's attorney some months previously. Plaintiff did not file suit to appeal the EEOC's decision finding no discrimination with respect to the Air Force's reassignment decision as allowed by 42 U.S.C. § 2000e–16(c). The Plaintiff, however, did include allegations concerning her reassignment in the instant complaint following a second separate claim of discrimination. *See Plaintiff's Complaint* at 9–11.

Plaintiff submitted a request for nine month's leave without pay on August 30, 1978. This leave was intended to permit Plaintiff to take advantage of a federal fellowship to continue her education and to complete the necessary requirements for a New York teaching license. AR–V.49. The Civilian Personnel Officer disapproved this request on September 12, 1978, based on its duration and management's concern that the course of study was unrelated to Plaintiff's duties at DLI. AR–V.49–50. On October 16, 1978, Plaintiff submitted a letter of resignation citing harassment on the job. AR–V.49.

On February 28, 1979, Plaintiff filed a second formal complaint of discrimination alleging that she was coerced into resigning her position by sexual harassment and reprisal based on her previous EEOC complaint ("Resignation Complaint"). AR–V. 48–49. An Air Force EEO Investigator examined Plaintiff's complaint and recommended a finding of no discrimination. AR–V.64. Plaintiff requested a hearing before the EEOC Regional Office in Houston, but ultimately withdrew that request. On July 25, 1980, Plaintiff's attorney, Shelby W. Hollin, advised the EEOC Complaints Examiner that Ms. Polisoto was out of the country and would be unavailable to attend the scheduled hearing. Mr. Hollin proposed that the case be remanded to the Air Force for decision based on the record below. AR–V.73. Such a remand was forthcoming on July 30, 1980. AR–V.72.

The Air Force ultimately rendered a final decision on the Plaintiff's resignation complaint on January 5, 1983, finding that there was no evidence to support Plaintiff's claims of discrimination with respect to her resignation. AR–V.47. Mr. Hollin filed a notice of appeal on January 19, 1983, AR–V.46, and an extensive brief on February 16, 1983. AR–V.26. Mr. Hollin's notice of appeal indicates that a copy of such notice was forwarded to Plaintiff in Forrestville, New York. AR–V.46. On September 2, 1983, the EEOC affirmed the Air Force decision. AR–V.4. The Commission forwarded its decision to Ms. Polisoto in care of Mr. Hollin at his office in San Antonio, Texas, on September 7, 1983, and provided Mr. Hollin a separate copy in his own right. AR–V.3. Mr. Hollin receipted for the EEOC decision personally on September 12, 1983. Exhibit "B" to *Defendants' Motion.* This action was subsequently filed in the United States District Court for the District of Columbia on October 26, 1983, and was later transferred to this Court.

On December 19, 1984, the Defendants filed their motion to dismiss or for summary judgment; Defendants' motion was timely as the Court extended the deadline for filing motions until December 19, 1984, by its Order of December 27, 1984. Defendants' motion was supported by a brief, the administrative record, and several exhibits, including copies of mail receipts. On March 14, 1985, the Plaintiff responded to Defendants' motion to dismiss, and moved in the alternative for summary judgment. Plaintiff's response was supported only by an affidavit signed on April 30, 1979. Defendants filed a memorandum in reply to Plaintiff's response on April 5, 1985. It is on this record that the Court bases its analysis and opinion.

### III

### DEFENDANTS' CLAIMS

The Defendants set forth four grounds to support their motion to dismiss. The Defendants first argue that the Court lacks jurisdiction over the subject matter of the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure in that

Plaintiff failed to file a civil action within thirty (30) days after receipt of final notice of the action taken by the EEOC on her appeals as required by 42 U.S.C. § 2000e–16(c). Second, Defendants assert that the complaint fails to state a claim for which relief can be granted pursuant to Fed.R. Civ.P. 12(b)(6) in that Count I is barred by the running of the EEOC's 20–day limitation on appealing to the Commission from a final agency decision as required by 29 C.F.R. § 1613.233. The Defendants argue third that the Court lacks jurisdiction over the subject matter of the complaint under any provision of law other than 42 U.S.C. § 2000e–16 (1976) in that the Civil Rights Act of 1964, as amended, constitutes the exclusive remedy for claims of sex discrimination in federal employment. Finally, the Defendants assert that the complaint fails to state a claim for which relief can be granted pursuant to Rule 12(b)(6) insofar as it seeks to assess personal liability against the Secretary of Defense or the Secretary of the Air Force, or seeks to obtain compensatory or punitive damages.

## IV

### PLAINTIFF'S RESPONSE

Plaintiff's response is divided into three sections. In the first section, the Plaintiff argues that she received the decision on October 2, 1983, as a result of waiting for the decision to be mailed to her by her counsel, Mr. Hollin. Plaintiff argues that this mailing delay and the fact that she had to obtain new counsel because Mr. Hollin was not licensed in the federal court "more than adequately explains the reasonable delay in filing this action from the time Mr. Hollin received notice on September 12, 1983." *See Plaintiff's Response* at 2. Although the Plaintiff fails to develop her rationale or to offer legal authority in support of her argument, it appears that the Plaintiff asserts that the constructive notice to counsel Hollin was not adequate and that the thirty (30) day jurisdictional period did not begin running until October 2, 1983 (thus making the October 26, 1983 filing within 30 days of the date of receipt), or is

arguing that the time limit is not jurisdictional, but is rather a matter of "statute of limitations," and thus equitable tolling should be allowed by this Court.

Plaintiff's second section addresses the Defendants' second argument that the original reassignment decision was fully and fairly litigated, and the Plaintiff's failure to appeal the final decision bars any action on that decision. Although Plaintiff does not challenge the Defendants' statement that she failed to appeal the reassignment decision, Plaintiff attempts to circumvent this failure by alleging that the reassignment was only part of a "continuing course of discriminatory actions which cummulated [sic] in the plaintiff's resignation ..." *Plaintiff's Response* at 2. While the Plaintiff's allegations may be true, she fails to address the central issue of whether any evidence of the reassignment is barred from this trial because of her failure to appeal the original reassignment complaint.

Plaintiff's third section deals with Defendants' arguments that the claims under 42 U.S.C. §§ 1985 and 1986 must be dismissed pursuant to the authority of *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d, 402 (1976). Although the Plaintiff acknowledges that Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment, she attempts to distinguish Count II of her complaint. Plaintiff argues that Count II of her complaint alleges a completely different theory from that of sex discrimination, "that is, a conspiracy to deprive her of equal protection of the laws, and of equal privileges and immunities under the laws, through NEGLECT to prevent the perpetration of wrongful acts," *Plaintiff's Response* at 2, as opposed to the specific grounds of sex discrimination alleged in Count I of her complaint.

## V

### MOTION TO DISMISS

As an initial matter, the Court must determine whether the 30–day filing require-

ment of 42 U.S.C. § 2000e–16(c) is a *jurisdictional* requirement or whether it is more akin to a statute of limitations. In pertinent part, Section 2000e–16(c) provides that:

> [W]ithin thirty days of receipt of notice of final action taken by ... the Equal Employment Opportunity Commission upon an appeal from a decision or order, ... on a complaint of discrimination based on race, color, religion, sex or national origin, ... [where the plaintiff] is aggrieved by the final disposition of his complaint, ... [she] may file a civil action as provided in section 2000e–5 of this title.

42 U.S.C. § 2000e–16(c).

Plaintiff's attorney received the EEOC's final decision denying discrimination with respect to the resignation complaint on September 12, 1983. Plaintiff alleges in her complaint, and re-asserts in her response to the Defendants' motion to dismiss, that she did not receive notice of the EEOC's final action on her resignation complaint until October 2, 1983, when she received a copy of the decision that had been forwarded by her attorney, Shelby W. Hollin. *See Plaintiff's Complaint* at para. 18; *Plaintiff's Response to Defendants' Motion to Dismiss* at 2. The instant complaint was filed on October 26, 1983. Thus, the complaint was filed forty-four (44) days after Plaintiff's attorney received notice, and twenty-four (24) days after the Plaintiff alleges she received notice.

The issue of whether the 30–day time limit is jurisdictional is an important one for at least two reasons. First, if the 30–day requirement is jurisdictional, then the Court is faced with a different standard than if the 30–day requirement is a statute of limitation, because the Court proceeds under Rule 12(b)(1) of the Federal Rules of Civil Procedure instead of Rule 12(b)(6). *Williamson v. Tucker*, 645 F.2d 404, 412–15 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Second, if the 30–day requirement of Section 2000e–16(c) is not a jurisdictional requirement, but rather a statute of limitations, then the

Court must consider whether equitable tolling or waiver is implicated by the facts presented. *See Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir.1985).

There are important differences between a court's analysis under Rules 12(b)(1) and 12(b)(6) that the Court must take into consideration in making its determination. Those differences were thoroughly explored by Judge Randall in her thoughtful opinion in *Williamson v. Tucker, supra:*

> A motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), can be based on the lack of jurisdiction on the face of the complaint. If so, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised—the court must consider the allegations in the plaintiff's complaint is true ... But the two motions are treated quite differently when matter outside the complaint as a basis of the attack. Rule 12(b) provides that a motion to dismiss for failure to state a claim will be automatically converted into a motion for summary judgment (Rule 56) if the court considers matters outside the pleadings. This provides an additional safeguard for the plaintiff, for, in addition to having all his allegations taken as true, the trial court cannot grant the motion unless there is no genuine issue of material fact. This protection is not, however, provided the plaintiff who faces dismissal for lack of subject matter jurisdiction. As the Court of Appeals for the Third Circuit has explained:
>
> > The facial attack [on subject matter jurisdiction] does not offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court must proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial

court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

... The distinction between factual Rule 12(b)(1) motions and factual Rule 12(b)(6) motions is rooted in the unique nature of the jurisdictional question. It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations.... The unique power of a district court to make factual findings which are decisive of jurisdiction is, therefore, not disputed.... This means the district court is not limited to an inquiry into *undisputed* facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction.

*Williamson v. Tucker, supra* at 412–13 (cit.'s omitted).

The distinction between a jurisdictional requirement and a statute of limitations with respect to the 30–day requirements is important for a second reason. If the 30–day requirement is a non-jurisdictional statutory precondition, the suit may be subject to the equitable principles of tolling and waiver. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (*per curiam* ), reh'g denied, 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984); *Espinoza v. Missouri Pacific Railroad Co., supra* at 1248 n. 1. In the instant case, the Plaintiff has alleged that several factual circumstances "more than adequately explains the reasonable delay in filing this action from the time Mr. Hollin [Plaintiff's attorney] received notice on September 12, 1983." *Plaintiff's Response* at 2. If the 30–day requirement is jurisdictional, however,

Plaintiff's allegations of excuse would be unavailing.

The Court of Appeals for the Fifth Circuit has considered and ruled upon the question of whether Section 2000e–16(c)'s 30–day requirement is jurisdictional on several occasions, and on each occasion, has held that the requirement *is* jurisdiction. *See Eastland v. Tennessee Valley Authority,* 553 F.2d 364, 368–69 (5th Cir.1977), cert. denied, 465 U.S. 1066, 104 S.Ct. 1415, 79 L.Ed.2d 741 (1984); *see also Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101, *reh'g denied,* 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980); *cf. Brown v. General Service Administration,* 425 U.S. 820, 824–25, 96 S.Ct. 1961, 1963–64, 48 L.Ed.2d 402, 405–06 (1976). As the *Eastland* court noted, "[i]n absence of authority in the federal sector to the contrary, we hold that the 30–day limitation set forth in 42 U.S.C. § 2000e–16(c) is also a jurisdictional requirement." *Eastland v. Tennessee Valley Authority, supra* at 368. This unequivocal holding has not been overruled, and therefore, as an inferior court this Court is bound by the principle of *stare decisis* to follow this holding.

Although the Court is bound to follow binding precedent, the Court must take note of subsequent cases that clearly bring into question the Fifth Circuit's holding that Section 2000e–16(c) is jurisdictional in nature. In particular, the Court notes that the *Eastland* court relied upon earlier cases that held the 90–day statutory limit set forth in 42 U.S.C. § 2000e–5(f)(1) for private employees was a jurisdictional limit, *Eastland v. Tennessee Valley Authority, supra* at 368; and since *Eastland* was decided, the Fifth Circuit has overruled the line of cases that held the 90–day requirement in private employer Title VII cases was jurisdictional. *See W.B. Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir.1981) (*en banc* ); *see also Espinoza v. Missouri Pacific Railroad Co., supra* at 1248 n. 1; *Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069 (5th Cir.

1981); *Oaxaca v. Roscoe,* 641 F.2d 386, 388 (5th Cir.1981). Our sibling circuit, the Eleventh Circuit, which relies on Fifth Circuit precedent before our Circuits split, has directly overruled *Eastland v. Tennessee Valley Authority,* and ruled that Section 2000e–16(c) is not jurisdictional, relying upon *Zipes v. Trans World Airlines Inc.,* 455 U.S. 385, 388–400, 102 S.Ct. 1127, 1129–35, 71 L.Ed.2d 234, 237–43, *reh'g denied,* 456 U.S. 940, 102 S.Ct. 2001, 72 L.Ed.2d 461 (1982) and *Sessions v. Rusk State Hospital, supra.*

Although the holdings in *Zipes, Sessions,* and *Coke* all cast doubt on the continuing vitality of *Eastland,* the Court cannot say that *Eastland* is no longer binding precedent. The Supreme Court's discussion in *Zipes* refers only to the 90–day requirement imposed upon *private* employers by Title VII. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. at 393–94, 102 S.Ct. at 1132–33. Similarly, *Sessions* and *Coke* both involved the 90–day requirement imposed upon *private* employers. *See* Discussion, *supra.* In the instant case, the Court must address the 30–day requirement of Section 2000e–16(c) that the United States Government has imposed upon itself.

"It is now well settled ... that the United States may not be sued without its consent" and that "[w]ant of consent is a fundamental defect that may be asserted at any time, and that is not subject to estoppel," and finally that waiver of that "consent is to be strictly interpreted." C. Wright, *Law of Federal Courts,* (4th ed. 1983). Furthermore, since Section 2000e–16(c) involves a waiver of sovereign immunity, a court should require strict construction of all statutory requirements for bringing such an action. *See* 4 C. Wright and A. Miller, *Federal Practice and Procedure* § 1055 (1969) (Payment of filing fees in Federal Tort Claims Act cases is a jurisdictional requirement). The Court, however, is not called upon to solve this particular question as it is clearly bound by *Eastland v. Tennessee Valley Authority, supra* until such time as the Fifth Circuit overrules it.

As *Eastland* binds this Court, the Court faces a jurisdictional question and therefore the motion to dismiss will be considered under Rule 12(b)(1). As noted earlier, the Court is not limited to the pleadings in a determination of a Rule 12(b)(1) motion, and may make such factual and legal determinations as it deems necessary. *See Williamson v. Tucker, supra* at 412–13. Since the Court finds that the 30–day requirement is jurisdictional, it is not *required* to discuss the issues of equitable tolling and waiver discussed by the Fifth Circuit in *Espinoza v. Missouri Pacific Railroad Co., supra.* The Court, however, will address the issues of equitable tolling and waiver, for should any appellate court disagree with the Court's characterization of the 30–day requirement as jurisdictional, the Court has determined that even if such remedies were available to the Plaintiff, they would not compel a different decision.

## VI

## NOTICE

In either a jurisdictional or a statute of limitations determination, the most important determination that the Court must make is the date upon which notice was received by the Plaintiff and the period began running, and thus the time period against which the 30–day requirement is measured. It is uncontroverted that Shelby Hollin represented Plaintiff throughout the administrative process, and the exhibits to Defendant's motion to dismiss clearly show that Mr. Hollin received notice of the EEOC's adverse decision in Plaintiff's administrative action on September 12, 1983. *See* Exhibit B to *Defendants' Motion.* In her response to Defendants' motion, Plaintiff acknowledges that her counsel received notice on September 12, 1983, but then alleges that she did not receive notice until her copy of the notice was forwarded on October 2, 1983. Plaintiff offers absolutely no evidence to support her allegation that she did not receive notice until October 2, 1983. Instead, Plaintiff merely asserts that she has stated in her complaint that

she did not receive notice until October 2, 1983.

In ruling upon a motion to dismiss pursuant to Rule 12(b)(1), the Court is allowed to make factual determinations with regard to jurisdiction. *See Williamson v. Tucker, supra.* In the instant case, Plaintiff acknowledges receipt by her attorney in fact on September 12, 1983, more than 44 days before Plaintiff filed her suit in this Court. On the other hand, Plaintiff alleges that she received notice personally on October 2, 1983, only 24 days before she filed this suit. If notice to Plaintiff's counsel can fairly be attributed to her, then Plaintiff's claim would be barred for failure to satisfy the 30–day requirement of Section 2000e–16(c), and the Court would grant Defendants' motion to dismiss.

The issue before the Court is thus whether notice to Plaintiff's counsel of an adverse EEOC decision is sufficient to start the running of Section 2000e–16(c)'s 30–day requirement, *i.e.,* whether constructive notice is sufficient. It is undisputed that for most purposes, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash Railroad,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 738 (1962) (quoting *Smith v. Ayer,* 101 U.S. (11 Otto) 320, 326, 25 L.Ed. 955 (1829)); *see also Cooper v. Lewis,* 644 F.2d 1077, 1082 (5th Cir.1981).

The administrative record in this case clearly demonstrates that Mr. Hollin was actively engaged in representing Plaintiff before the EEOC during 1983 and that he was in communication with his client during that time. AR–V.26, 46. Under these circumstances, Ms. Polisoto is charged with constructive knowledge of the EEOC's decision on September 12, 1983—the date her attorney of record personally acknowledged receipt of the decision. *Jones v. Madison Service Corp.,* 744 F.2d 13ʋ9 (7th Cir.1984) (90–day limitation period under 42 U.S.C. § 2000e–5(f)(1) commences when EEOC right-to-sue notice is received by attorney representing plaintiff in the action);

*Harper v. Burgess,* 701 F.2d 29 (4th Cir. 1983) (90–day private sector filing period); *Thomas v. KATV Channel 7,* 692 F.2d 548, 550–51 (8th Cir.1982), *cert. denied,* 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983) (90–day private sector filing period); *Decker v. Anheuser-Busch,* 632 F.2d 1221 (5th Cir.1980), *vacated and remanded,* 670 F.2d 506 (5th Cir.1982) (*en banc*) (to elicit additional evidence as to whether an attorney-client relationship actually existed); *Gonzalez v. Stanford Applied Engineering, Inc.,* 597 F.2d 1298 (9th Cir.1979) (90–day private sector filing period); *Craig v. Department of Health, Education, and Welfare,* 581 F.2d 189, 193 (8th Cir.1978) (30–day federal sector filing requirement); *Huckeby v. Frozen Food Express,* 555 F.2d 542, 544–45 (5th Cir.1977) (dictum); *Franks v. Bowman Transportation Co.,* 495 F.2d 398, 404 (5th Cir.1974) (dictum), *rev'd and remanded on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Mays v. Memphis Light, Gas & Water Division,* 517 F.Supp. 232 (W.D.Tenn.1981) (90–day filing period); *Minor v. Lakeview Hospital,* 421 F.Supp. 485 (E.D.Wis.1976) (90–day filing period); *contra, Rea v. Middendorf,* 587 F.2d 4 (6th Cir.1978) (per curiam) (30–day federal sector filing period); *Bell v. Brown,* 557 F.2d 849 (D.C.Cir.1977) (30–day federal sector filing period).

In *Craig v. Department of Health, Education, and Welfare,* the Eighth Circuit declined to attribute constructive knowledge of a final Civil Service Commission decision to plaintiff where she "did not receive the letter addressed to her, and the other letter was neither addressed to ... [plaintiff's attorney], her designated representative, nor was it personally acknowledged by him," in a case that involved the 30–day federal time limit at issue in the instant case. 581 F.2d at 193. After reviewing 42 U.S.C. § 2000e–16, however, the Court concluded that:

We are not prepared to say, however, that there are no circumstances under which notice to a designated representative will meet the requirements of the

statute. To the contrary we believe that notice is sufficient if:

(1) A registered or certified letter, or other written notice requiring the recipient to acknowledge receipt therefore, is sent to the employee and the employee personally acknowledges such receipt; or

(2) A registered or certified letter, or other written notice requiring the recipient to acknowledge receipt therefore, is sent to the representative designated by the employee. Such notice must be addressed in accordance with the specific directions of the employee, and receipt must be acknowledged personally by the designated representative.

*Craig,* 581 F.2d at 193.

The sound reasoning apparent in *Decker v. Anheuser-Busch,* 632 F.2d 1221 (5th Cir. 1980), *vacated and remanded,* 670 F.2d 506 (5th Cir.1982) (*en banc*), has equal application to the facts of this case. The *Decker* court held that dismissal was proper in a case where the plaintiff filed suit 91 days after her attorney received notice, but only 89 days after she received notice. As the Fifth Circuit noted:

There is nothing new, novel or unique about the concept that notice to a person's attorney constitutes notice to the person. ... State and federal law, practices and procedures are replete with examples of the application of this concept. It is prudent, expedient and entirely consistent with the essence of the attorney-client relationship and the responsibilities by the attorney.... [W]e now hold that for purposes of § 2000e–5(f)(1), notice to an attorney who is formally representing the complainant in an EEOC proceeding, constitutes notice to the complainant and begins the running of the 90 days allowed for the filing of suit. Whether the attorney is representing the complainant in the EEOC proceeding at the time of the receipt of the notice is a critical fact which must be determined in each case.

*Decker,* 632 F.2d at 1223.

Although the Fifth Circuit reversed and remanded *Decker* in an *en banc* opinion, the *en banc* panel based its reversal solely

upon "allegations in brief and affidavit which included serious charges leveled at Decker's prior counsel of record and because of questions concerning the factual conclusions reached in the panel opinion." *Decker,* 670 F.2d at 507 (*en banc*). The Court remanded to the district court for an appropriate evidentiary hearing to inquire into relevant facts with respect to the attorney-client relationship between plaintiff and her counsel:

At this hearing specific inquiry is to be made into all relevant facts, including; the scope and extent of the relationship existing on February 12, 1976, between Katharine Decker and Judith A. Peterson, the date this relationship began; authorization, if any, for Peterson to receive mail on Decker's behalf; authorization, if any, for Peterson to open mail addressed to Decker in care of Peterson; the date Peterson personally received the envelope containing the right-to-sue notice at issue in this matter; the date Peterson notified Decker, if she did, of her receipt of the notice; and whether Decker received a copy of the notice separate from that address to her in care of Peterson and, if so, when. This list of inquiries is not intended to be exclusive; the district judge may expand the hearing into any other matters considered relevant to the mailing and receipt of the EEOC right-to-sue notice(s), and to the nature, extent, commencement, duration, qualifications, and limitations of the Decker-Peterson attorney-client relationship.

*Decker,* 670 F.2d at 507 (*en banc*).

The *Decker en banc* court's decision is in accord with the *Craig* court's requirement that an attorney be specifically designated to receive the EEOC decision and actually receive it for constructive notice to be imposed in the 30–day federal employment requirement context. Applying these factors to the case before the Court, it is clear that Mr. Hollin was both authorized to receive the decision for Plaintiff and did in fact receive it. The record is replete with evidence establishing Plaintiff's desig-

nation of Mr. Hollin as her representative; Plaintiff's informal complaint dated November 1, 1978, is typed on Mr. Hollin's letterhead and jointly signed by Ms. Polisoto and Mr. Hollin. AR–V.303. Likewise, Plaintiff's formal complaint states that Ms. Polisoto can be reached via her attorney's phone and has signature blocks for both Plaintiff and Mr. Hollin. AR–V.299–302. In addition, the record contains a telegram from Ms. Polisoto in Niamey, Niger, authorizing Mr. Hollin to proceed with the EEOC administrative hearing in her absence. AR–V.134.

As the Court noted previously, Mr. Hollin was actively engaged in representing Plaintiff during 1983. He forwarded her a copy of his notice of appeal, AR–V.46, and filed an extensive brief with the EEOC on her behalf on February 16, 1983. AR–V.26. Most importantly, Mr. Hollin personally acknowledged receipt of the EEOC's final decision on September 12, 1983. Exhibit "B" to *Defendants' Motion.* This factual posture clearly brings the instant case within the purview of the holdings in *Decker,* 670 F.2d at 508, and *Craig,* 581 F.2d at 193, and renders Ms. Polisoto chargeable with the notice received by her attorney. *Accord, Jones v. Madison Service Corp.,* 744 F.2d 1309, 1313–14 (7th Cir.1984) (establishing similar criteria for imputing constructive knowledge). The contrary result forthcoming in *Bell v. Brown,* 557 F.2d 849 (D.C.Cir.1977) seems primarily driven by doubts as to whether the attorney-client relationship remained intact at the time notice was forthcoming. *See* Robb, J., *dissenting* at 557 F.2d 857–58. In the absence of any such uncertainty here, the logic of *Decker, Craig* and *Jones* is persuasive.

In the alternative, however, the limitation period should be viewed as commencing on the date the EEOC's final decision was received at the most recent address Plaintiff provided the commission. *St. Louis v. Alverno College,* 744 F.2d 1314, 1317 (7th Cir.1984); *Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1243 (11th Cir.1982) ("We believe it to be fair and reasonable for plaintiff ... to assume the burden of advising the EEOC of address changes or to take other reasonable steps to ensure delivery of the notice to his current address.") Since Ms. Polisoto used Mr. Hollin's address throughout these proceedings, she is necessarily bound by his receipt of the EEOC's final decision on September 12, 1983. As a result, this action is untimely filed. Because this failure to comply with 42 U.S.C. § 2000e–16(c) deprives the Court of subject matter jurisdiction, Plaintiff's Title VII claim must be dismissed in its entirety.

## VII

### SUMMARY JUDGMENT

Defendant moves to dismiss, and in the alternative, for summary judgment. Although there may be some question as to this Court's dismissal of the action because of the unsettled issues of law with respect to whether Section 2000e–16(c) is jurisdictional, and the Court's consideration of facts outside of the pleadings, there is no question that in the alternative Defendants' motion for summary judgment with respect to the Title VII claim should be granted.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026 (5th Cir.1982). The party seeking summary judgment bears an "exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Id.* at 1031; *United States Steel Corporation v. Darby,* 516 F.2d 961, 963 (5th Cir.1975).

In determining whether the movant has met this burden, the Court must view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing summary judgment. *Id.* All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the movant. *Jones v. Western Geophysical Company*

*of America,* 669 F.2d 280, 283 (5th Cir. 1982). When determining whether to grant summary judgment, the Court is merely determining whether a factual dispute exists and is not required to attempt to resolve those disputes. If it is determined that a factual dispute exists, a motion for summary judgment will be denied. The fact that it appears to the Court that the non-moving party is unlikely to prevail at trial or that the movant's statement of facts appears to be more plausible are not reasons to grant summary judgment. *Id.*

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond with any factual assertion that would preclude summary judgment. *Cleckner v. Republic Van & Storage Co., Inc.,* 556 F.2d 766, 771 (5th Cir.1977). Rule 56(e) of the Federal Rules of Civil Procedure provides that "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." In this respect, the burden on the non-moving party is not especially heavy; however, he must show specific facts that present a genuine issue of material fact worthy of trial rather than showing mere general allegations. *Gossett v. Du-Ra-Kel Corp.,* 569 F.2d 869, 872 (5th Cir.1978).

■ In support of the Defendants' motion for summary judgment, the Defendants have offered uncontroverted evidence, which the Plaintiff has admitted in the response, that Plaintiff and her counsel were served a copy of the final decision right-to-sue letter at Plaintiff's and counsel's last known address, and that Plaintiff's counsel actually signed for the EEOC final decision. At the very least, this raises a rebuttable presumption that Plaintiff received notice on September 12, 1983, and therefore the 30–day requirement of Section 2000e–16(c) began running on September 12, 1983.

The Defendants have thus met their Rule 56(c) burden of showing by affidavit and other competent evidence that no material issues of fact remain with respect to the Defendants' claim that the 30–day time limit began running on September 12, 1983, and therefore this action was untimely filed on October 26, 1983. *See* Fed.R.Civ.P. 56(e); *Cleckner v. Republic Van & Storage Co., Inc., supra* at 771.

■ In opposition to Defendants' motion for summary judgment, the Plaintiff filed a response and a reply brief supported by one affidavit. The affidavit of Jeanne Polisoto was dated April 30, 1979, and does not suffice to raise an issue of material fact with respect to the timely filing of the instant complaint since it pre-dates the final agency decision in both the reassignment and resignation complaints by almost three years and makes no reference whatsoever to the question of timely filing. Plaintiff's affidavit merely speaks to her unfounded allegations of sexual discrimination—but the issue before this Court is whether or not a timely filing was made, and if not, reasons why such a timely filing was not made.

■ In her response, the Plaintiff does try to raise some issues of fact through counsel's argument. "But legal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion where no dispute otherwise exists." *British Airways Board v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241, *reh'g denied,* 441 U.S. 968, 99 S.Ct. 2420, 60 L.Ed.2d 1074 (1979). Indeed, "[t]he unverified representations of counsel in a brief are not a proper part of the record for consideration on the motion for summary judgment." *Prince v. Sun Shipbuilding and Dry Dock Corp.,* 86 F.R.D. 106, 107 (E.D.Pa. 1980) (cit's omitted); *accord, Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955, 964 (N.D.Ill.1972) ("Statements made by

counsel in a brief, but not in an affidavit form, cannot be given weight on a motion for summary judgment. This Court, accordingly, may consider only the pleadings, the law, and the evidence which the [defendants] have offered.") Finally, "[a]n affidavit of the opposing party's attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight." *Wyler v. United States,* 725 F.2d 156, 160 (2d Cir.1983).

■ On the question of timely filing, Plaintiff's pleadings are unsupported by affidavits or any of the other documentary proof contemplated by Rule 56(c) and (e). *Cf. Park Ave. Tower Associates v. City of New York,* 746 F.2d 135, 141 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1854, 85 L.Ed.2d 151 (1985). ("Instead of submitting affidavits of their own to challenge the Otis affidavit, appellants chose to rely solely on their pleadings and on a memorandum of law. This was insufficient to create a factual dispute ..."). The record is clear, however, that an attorney-client relationship existed between Mr. Hollin and Ms. Polisoto and that Mr. Hollin received notice of the right to sue on Plaintiff's behalf on September 12, 1983. Accordingly, Plaintiff's excuse that Mr. Hollin had no standing to appear before this Court is irrelevant, and the other proffered excuses for Plaintiff's failure to file this complaint until October 26, 1983 are unavailing. Receipt by Mr. Hollin, a practicing attorney and Ms. Polisoto's designated representative, of the EEOC's final decision on September 12, 1983, is sufficient to charge Plaintiff with constructive knowledge thereof under the criteria delineated by the Fifth Circuit in *Decker v. Anheuser-Busch, supra* at 508; *accord, Craig v. Department of Health, Education and Welfare, supra* at 193; *Jones v. Madison Service Corp., supra* at 1309.

In sum, the Plaintiff has offered nothing but the arguments of her counsel to controvert the Defendants' established fact that her counsel and appointed agent received notice on September 12, 1983 or to controvert Defendants' argument that such notice should be attributed to Plaintiff. If the Plaintiff had submitted an affidavit in contravention of the Defendants' motion that spoke to the issue of timely filing of this complaint, the Court may have been able to more fully consider the Plaintiff's allegations. Plaintiff's counsel, however, is well aware of the requirements of Rule 56 and is aware of the cases raised by the Government in support of their motion for summary judgment that show Plaintiff's duty to controvert Defendants' motion for summary judgment. As the Supreme Court recently noted in a case where it affirmed a dismissal of Plaintiff's Title VII claims for failure to timely file and to comply with the Federal Rules of Civil Procedure:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980), '[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even handed administration of law.'

*Baldwin County Welcome Center v. Brown, supra,* 466 U.S. at 152, 104 S.Ct. at 1726. Despite the remedial nature of Title VII, this Court may not and will not disregard the clear directives of the Federal Rules of Civil Procedure.

The Defendants' motion for summary judgment with respect to the Title VII claims clearly shows that Plaintiff received notice at her last known address and that Plaintiff's counsel and designated agent received that same notice of the EEOC's final decision on September 12, 1983, and thus the 30–day period for filing in the District Court began on that day. Plaintiff's complaint thus had to be filed by October 12, 1983, and therefore, the instant action was untimely filed on October 26, 1983. The Defendants' motion for summary judgment is supported by evidence competent under Rule 56(c) of the Federal Rules of Civil

Procedure in the form of the administrative record and exhibits. In opposition to Defendants' motion, Plaintiff merely offers an affidavit dated almost four years prior to the relevant filing dates, and the arguments of her counsel. Plaintiff accordingly offers no competent evidence whatsoever that the Court should not find that she received notice as of September 12, 1983, and this cause was thus untimely filed on October 26, 1983. Defendants' motion for summary judgment on Plaintiff's Title VII claims must therefore be granted.

The Court has viewed the evidence introduced and all factual inferences from the evidence, in the light most favorable to the party opposing summary judgment, and it is clear that no material issues of fact remain with respect to the issue of whether the Title VII claims were untimely filed. Accordingly, the Court is of the opinion that summary judgment is appropriate because there are no genuine issues as to any material facts, and Defendant Caspar Weinberger, et al., are therefore entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c).

## VIII

### REASSIGNMENT CLAIMS

■ The Court has dismissed Plaintiff's Title VII claims as untimely filed. The Court, however, will address the issue of whether the Plaintiff would be allowed to assert the claims set forth in her Reassignment Complaint in the interest of finality of this judgment. Plaintiff filed two complaints with the EEOC: the first dealt with Plaintiff's reassignment and the final decision in that case was dated August 20, 1982, see AR–III.4; the second involved the Plaintiff's resignation and was the decision that Plaintiff appeals in the instant suit.

Plaintiff does not contest Defendants' argument that she failed to appeal the EEOC's adverse decision in the Reassignment Complaint within the 30–day time period. Despite Plaintiff's admitted failure, she attempts to include such allegations as a part of her complaint in the instant cause by alleging that such reassignment was part of a continuing course of conduct that led to Plaintiff's resignation. *See Plaintiff's Response* at 3.

Plaintiff's attempt to circumvent the clear requirement of Section 2000e–16(c) that claims of discrimination be timely pursued will not be allowed by this Court. Plaintiff's allegations of discrimination with respect to reassignment were fully and fairly litigated before the EEOC and a final decision was reached on August 20, 1982. Plaintiff then had 30 days within which to file a complaint in this Court. 42 U.S.C. § 2000e–16(c). Plaintiff did not see fit to appeal this decision until she filed her complaint with respect to the adverse resignation decision in October 1983. Plaintiff's more than one year delay in bringing action on the reassignment decision bars her from relitigating that matter before this Court despite her allegations that it was part of a continuing course of conduct that led to her resignation. The Court will accordingly dismiss Plaintiff's complaint with respect to the reassignment decision. Should this Court's dismissal of the resignation complaint be overruled, the Plaintiff will not be allowed to plead or prove any discrimination with respect to her reassignment because of her failure to timely pursue the EEOC's adverse decision.

## IX

### EQUITABLE TOLLING AND WAIVER

■ As an initial matter, the Court notes that Plaintiff has brought no competent *evidence* before this Court with respect to equitable tolling or waiver, as the affidavit filed in response to the motion for summary judgment was dated some four years before the issue of timely filing of this complaint became ripe. *See* Discussion in Section VII, *supra.* Despite the Plaintiff's obvious failure under Rule 56(e) to provide this Court with any evidence of equitable tolling or waiver, the Court will address the allegations set forth by her counsel in her response. As to the issue of equitable waiver by the Defendants, the Court notes that Plaintiff has never argued that De-

fendants have waived their right to assert Section 2000e–16(c)'s time limits, and the record presents overwhelming evidence of Defendants' continued assertion of their rights to assert Plaintiff's failure to timely file the instant cause.

In support of equitable tolling, Plaintiff's counsel asserts the following excuses: that Plaintiff lived in New York at the time the final decision was rendered and had to wait until the decision was mailed to her by Mr. Hollin, and she had to secure the services of a new lawyer licensed to practice in federal court because Mr. Hollin was not licensed in this Court.

The Supreme Court's recent decision in *Baldwin County Welcome Center v. Brown, supra,* a case involving a failure by plaintiff to timely file in a Title VII case, sets forth the relevant factors and circumstances that a court should consider in determining whether a party may rely on equitable tolling or waiver:

> [1] This is not a case in which a claimant has received inadequate notice, ... or [2] where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... or [3] where the court has led the plaintiff to believe that she had done everything required of her ... [n]or [4] is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction ... The simple fact is that Brown was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

*Id.* at 151, 104 S.Ct. at 1725 (cit's omitted).

As to the first factor noted by the Supreme Court, Plaintiff does not claim that she received inadequate notice, only that such notice was delayed. The standard EEOC final decision form letter issued in this case was found sufficient by the Supreme Court in *Baldwin County Welcome Center, id.,* and this Court thus finds that the notice to Plaintiff was adequate to apprise her of the need to file within the 30–day period and the consequences of any such failure. Furthermore, the Court notes that the Plaintiff was well aware of the consequences of failure to abide by the statutory time limits; her appeal of the adverse reassignment decision by the EEOC was denied by the EEOC for failure to timely file an appeal. *See* AR–III.23. In this respect, the Court's decision not to find equitable tolling is in accord with the Supreme Court's admonition that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center v. Brown,* 466 U.S. at 151, 104 S.Ct. at 1726.

As to the second factor mentioned by the Supreme Court, the instant case did not involve a motion for appointment of counsel that was pending and therefore equity would have justified tolling the statutory period until the motion was acted upon. At all times in the instant proceedings the Plaintiff was represented by employed counsel, and Plaintiff never moved for appointed counsel. Although Plaintiff in this case has alleged that she was delayed by her search for new counsel, the essence of this second equitable exception is that the Court's delay in ruling upon a motion for appointment of counsel should not prejudice a party. In this case, although Plaintiff's complaint is clearly not frivolous and she was able to retain competent counsel, she offers no explanation why she did not retain counsel within the original 30–day period. As Plaintiff's failure to retain counsel must be attributed to her and not to the Court for failure to rule upon a motion to appoint, Plaintiff may not rely upon the second equitable exception noted in *Baldwin County Welcome Center, supra.*

Finally, the final two grounds of *Baldwin* are unavailing as the Court notes that there is absolutely no evidence, and the Plaintiff does not assert, that this Court has led the Plaintiff to believe that she had done everything required of her, or that there was affirmative misconduct on the part of Defendants that lulled her into inac-

tion. Plaintiff thus fails to show any grounds upon which this Court might extend the underlying 30-day period by equitable tolling in this case if this Court had found that the 30-day requirement of Section 2000e-16(c) was a statute of limitations rather than jurisdictional in nature. Plaintiff accordingly may not rely upon equitable tolling to justify her failure to file the instant complaint on a timely basis.

## X

### COUNT TWO OF PLAINTIFF'S COMPLAINT

■ The Court now turns to the second count of Plaintiff's complaint. Plaintiff invokes the jurisdiction of the Court pursuant to 42 U.S.C. § 1985, 42 U.S.C. § 1986, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. In general, Plaintiff claims that the Defendants conspired to deny her equal protection of the law by delaying her EEOC complaints and by refusing to prevent the alleged wrongs from occurring in the first place. See Plaintiff's Complaint, para. 20 et seq. The Defendants argue that complaints of employment discrimination by federal employees are actionable only under 42 U.S.C. § 2000e-16. In support of their argument, Defendants note that the Supreme Court has held that "§ 717 of the Civil Rights Act of 1964, as amended (i.e., § 2000e et seq.), provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. General Services Administration, supra; Canino v. United States EEOC, 707 F.2d 468, 472 (11th Cir.1983); Kizas v. Webster, 707 F.2d 524, 542 (D.C.Cir.1983), cert. denied, 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984); Porter v. Adams, 639 F.2d 273, 278 (5th Cir.1981); Newbold v. United States Postal Service, supra. Defendants thus assert that all Plaintiff's claims except those asserted under 42 U.S.C. § 2000e-16 must be dismissed for lack of subject matter jurisdiction.

The Plaintiff's complete response to Defendants' argument that Plaintiff's Sections 1985 and 1986 conspiracy claims must be dismissed is set forth below:

In response to Defendant's [sic] argument in paragraphs 3 and 4 of their motion to dismiss, plaintiff will concede that Brown v. General Services Administration, 425 U.S. 820 [96 S.Ct. 1961, 48 L.Ed.2d 402] (1976), holds that § 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment. However, plaintiff would distinguish Count 2 of her Complaint in that it alleges a completely different theory from that of sex discrimination; that is, a conspiracy to deprive her of equal protection of the laws, and of equal privileges and immunities under the laws, through NEGLECT to prevent the perpetration of wrongful acts, as opposed to the specific grounds of sex discrimination alleged in Count 1 of her complaint.

Plaintiff's Response at 3. Plaintiff cites no authority to support her unique recharacterization of her Sections 1985 and 1986 conspiracy claims.

Plaintiff's attempts to get around the clear dictates of the Supreme Court in Brown v. General Services Administration, supra, are unavailing. Plaintiff seeks to circumvent the literal meaning of the court's holding in Brown by alleging a conspiracy to deprive her of equal protection of the laws contrary to provisions of 42 U.S.C. § 1985(3) and of failure through neglect to prevent such conspiracy contrary to the provisions of 42 U.S.C. § 1986. At the outset, Plaintiff's conspiracy raises a circular argument. "To recover damages under Section 1985(3), plaintiffs must generally establish invidious discrimination, i.e., the conspiracy was motivated by racial or otherwise class-based animus." Bell v. City of Milwaukee, 746 F.2d 1205, 1233 (7th Cir.1984), citing with approval, Griffin v. Breckinridge, 403 U.S. 88, 100-02, 91 S.Ct. 1790, 1797-98, 29 L.Ed.2d 338 (1971) (fn.'s omitted). To the extent that this animus is based on gender, see Life Insurance Co. of North America v. Reichardt, 591 F.2d 499, 505 (9th Cir.1979), plaintiff comes full circle to a sex discrimination claim in federal employment that is

only cognizable under Title VII. *Brown v. General Services Administration, supra,* 425 U.S. at 835, 96 S.Ct. at 1969.

Despite Plaintiff's novel attempt to re-characterize her Sections 1985 and 1986 claims, it is clear to the Court that to prove these claims, Plaintiff must prove an invidious animus based upon gender. Since any claims that the Plaintiff has that she was discriminated against based upon her sex are cognizable only under Title VII, Plaintiff's claims pursuant to Sections 1985 and 1986 must be dismissed.

## XI

## CONCLUSION

The Court apologizes for the length of this opinion, but the seriousness of Plaintiff's charges and the unsettled issues of law raised by this case compelled a thorough analysis. Furthermore, the Court is aware of the remedial nature of Title VII and the need to explore the claims brought by Plaintiff against the Defendants in this cause. For this reason, summary judgment should be used cautiously in employment discrimination. *See Jones v. Western Geophysical Company of America,* 669 F.2d 280, 283 (5th Cir.1982). Although the Court must proceed cautiously, the Court may not ignore the clear dictates of the Federal Rules of Civil Procedure and the procedural requirements of Title VII just because the Plaintiff has brought a sexual discrimination claim. *See Baldwin County Welcome Center v. Brown, supra,* 466 U.S. at 152, 104 S.Ct. at 1726.

In this case, the Plaintiff's original Reassignment Complaint was denied, and her appeal was ultimately disallowed because it was untimely filed. Both Plaintiff and her counsel should therefore have been on notice of the serious consequences of a failure to file on time. Despite this prior knowledge, Plaintiff delayed in filing this case until 44 days after her attorney received notice of the adverse EEOC decision. Plaintiff thus asks this Court to ignore her second failure to abide by the procedural guidelines of Title VII and to allow this

case to proceed. Finally, after being challenged by Defendants for her failure to timely file, Plaintiff failed to support her request for this Court's indulgence with a detailed affidavit in support of her position.

The Court does not lightly regard the Plaintiff's claims of sexual discrimination. Although the courts cannot and will not tolerate discrimination, they cannot function without procedural guidelines. Plaintiff's repeated failure to abide by the procedural requirements of Title VII and the Federal Rules of Civil Procedure compel this Court to dismiss her claims without reaching the merits. Therefore,

IT IS HEREBY ORDERED that the Defendants' motion to dismiss, or in the alternative, for summary judgment on Count One of Plaintiff's complaint be and is hereby GRANTED.

IT IS HEREBY ORDERED that the Defendants' motion to dismiss, or in the alternative, for summary judgment on Count Two of Plaintiff's complaint be and is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's cross-motion for summary judgment be and is hereby DENIED.

IT IS FURTHER ORDERED that the above-styled and numbered cause be and is hereby DISMISSED WITH PREJUDICE, with each party to bear its own costs.