Susan CHAPMAN, Plaintiff,

v.

TRAVALCO, U.S.A., INC., Defendant.

No. 96–1060–CIV.

United States District Court,
S.D. Florida.

Feb. 3, 1997.

Leslie Holland, Miami, FL, for Plaintiff.

Michael W. Casey, III, Richard D. Tuschman, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, Miami, FL, for Defendant.

### ORDER GRANTING SUMMARY JUDGMENT

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon the Defendant's Motion to Dismiss, (D.E. 10).

*Background*

On or about November 14, 1995, Plaintiff's Counsel mailed a charge of discrimination on behalf of the Plaintiff, Susan Chapman, to the Equal Employment Opportunity Commission, ("EEOC"). The charge was filed with the EEOC on November 21, 1995. In her EEOC charge Plaintiff alleges that she was terminated from her employment with Defendant, Travalco U.S.A., Inc., ("Travalco") because of her age and national origin in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964.

On December 5, 1995, Plaintiff's counsel requested that the EEOC issue a Notice of Right to Sue to the Plaintiff. The Defendant has proffered a copy of the EEOC's Notice of Right to Sue, dated January 12, 1996. (Bodenheimer Aff. ¶ 4, Ex. D) The Notice of Right to Sue is addressed to the Plaintiff, with carbon copies to Harry Spicer, the Human Resources Manager for Travalco and Plaintiff's counsel. The Defendant has also produced evidence from the Post Office indicating that the Plaintiff received the Notice of Right to Sue on January 22, 1996 and that Plaintiff's counsel received and signed for the Notice five days earlier on January 17, 1996. (Bodenheimer Aff. ¶¶ 8 and 9, Ex. G, H).

Plaintiff's counsel admits that the signature on the claim check resembles her signature but contends that she has no recollection of having received or signed for the Notice of Right to Sue. Plaintiff's counsel also contends that she does not have a copy of the Notice of Right to Sue which was mailed to her and does not recall when such notice was ever received. (Pl.'s Resp. In Opp'n to Def.'s Mot.Summ.J. at 2).

In the instant Motion, the Defendant moves the Court to dismiss this action as untimely for failure to file suit within 90 days of receipt of the Right to Sue letter from the EEOC. Plaintiff argues that issues of fact remain as to whether Plaintiff's counsel re-ceived the Notice of Right to Sue on January 17, 1996, and whether the Defendant can properly raise the issue of timeliness since this issue was not raised in its Answer and Affirmative Defenses.

*Standard of Review*

A district court must grant summary judgment if it appears through pleadings, depositions, admissions, and affidavits, considered in the light most favorable to the opposing party, that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); *Real Estate Financing v. Resolution Trust Corporation,* 950 F.2d 1540, 1542 (11th Cir.1992); *McGahee v. Northern Propane Gas Co.,* 858 F.2d 1487, 1493 (11th Cir.1988); *Cubbage v. Averett,* 626 F.2d 1307, 1308 (5th Cir.1980).

*Analysis*

█ As a preliminary matter, it is clear that the Defendant raised the issue of whether Plaintiff's claims were timely filed in its Answer and Affirmative Defenses. In its Answer and Affirmative Defenses, Defendant denied that Plaintiff's allegation that she filed the suit within 90 days of receipt of the Notice of Right to Sue. *See,* (Complaint ¶¶ 4 and 5; Answer and Affirmative Defenses ¶¶ 4 and 5). Furthermore, in its Second Affirmative defense, Defendant stated that "Plaintiff failed ... to fulfill the conditions precedent for bringing this claim." Filing an action within 90 days of receiving the EEOC Notice of Right to Sue is a condition precedent to bringing an action under Title VII and the ADEA. *Fouche v. Jekyll Island–State Park Authority,* 713 F.2d 1518, 1525 (11th Cir.1983); *White v. Wells Fargo Guard Services,* 908 F.Supp. 1570, 1580–81 (M.D.Ala.1995). Similarly, in its' Third Affirmative Defense, Travalco alleged that "Plaintiff's allegations are barred by the applicable statute of limitations." Thus, the Court finds that Travalco did not waive its' defense that Plaintiff's claims are time barred.

█ Claimants are required to file their Title VII and ADEA actions within 90 days of receipt of a Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e–5(f)(1); *Norris v. Florida Dept. of Health & Rehabilita-*

*tive Services,* 730 F.2d 682 (11th Cir.1984). The Plaintiff has the burden to prove that she adhered to this requirement. *Martinez v. U.S. Sugar Corp.,* 880 F.Supp. 773, 777 (M.D.Fla.1995), *aff'd* 77 F.3d 497 (11th Cir. 1996). Notice to the attorney who is formally representing the claimant before the EEOC constitutes notice to the claimant and commences the running of the 90 days allowed for the filing a Title VII or ADEA action. *Decker v. Anheuser-Busch,* 632 F.2d 1221, 1223 (5th Cir.1980)[1], *vacated and remanded for additional fact findings en banc,* 670 F.2d 506 (5th Cir.1982) *on remand,* 558 F.Supp. 445 (M.D.Fla.1983); *Ringgold v. National Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir.1986) (holding the 90 day period begins to run the date the EEOC Right to Sue Letter is delivered to plaintiff's counsel); *Josiah-Faeduwor v. Communications Satellite Corp.,* 785 F.2d 344, 347 (D.C.Cir.1986); *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1313–14 (7th Cir.1984). *Polisoto v. Weinberger,* 638 F.Supp. 1353 (W.D.Tex. 1986).

In the case at bar, the evidence produced by Travalco indicates that Plaintiff's counsel received and signed for the Notice of Right to Sue on January 17, 1996, 96 days before the Complaint was filed. The Plaintiff has failed to present any evidence to refute Defendant's evidence, thus not meeting her burden on summary judgment. Accordingly, the Court finds that Plaintiff's Title VII and ADEA action was untimely filed. Based thereon, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment is hereby GRANTED. In addition, while the Plaintiff's claims are time-barred, the Court does not find that the allegations therein were unreasonable and without legal basis or foundation. Accordingly, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion for Attorneys Fees is DENIED.

---

**1.** Decisions of the former Fifth Circuit are binding on this Court pursuant to *Bonner v. City of*  *Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).