Anthony BISCIGLIA, Plaintiff,

v.

KENOSHA UNIFIED SCHOOL DISTRICT NO. 1, William M. Neiman, Barbara Ervin, James Metallo, Roger Lemnus, Mary Jonker, Sally Yule–Mengo, Joyce Behlke, in their official capacities as members of the Kenosha Unified School District No. 1 School Board, Defendants.

Civ. A. No. 92–C–0999.

United States District Court, E.D. Wisconsin.

July 2, 1993.

William E. McCardell, DeWitt, Porter, Huggett, Schumacher & Morgan, S.C., Madison, WI, for plaintiff.

Riordan, Crivello, Carlson, Mentkowski & Steeves, S.C., Mary Beth Castino, Milwaukee, WI, Ronald J. Kotnik, Lathrop & Clark, Madison, WI, for defendants.

## ORDER

RANDA, District Judge.

Defendants, Kenosha Unified School District No. 1, William M. Neiman, Barbara Ervin, James Metallo, Roger Lemnus, Mary Jonker, Sally Yule–Mengo, and Joyce Behlke ("Defendants" and/or "Board"), motion the Court for summary judgment and for sanctions under Rule 56(b) and Rule 11 of the Federal Rules of Civil Procedure respectively, and 42 U.S.C. Sec. 1988, against Plaintiff, Anthony Bisciglia ("Bisciglia"), the Superintendent of Kenosha Unified School District No. 1. Defendants' motion came after Bisciglia's Complaint was removed to this Court following a denial of injunctive relief in State Court. Removal occurred because Bisciglia's claim under 42 U.S.C. Sec. 1983 gave this Court jurisdiction under 28 U.S.C. Sec. 1343. Specifically, Defendants' claim that Bisciglia's Complaint was premature ("not a justiciable case or controversy") and the allegations in said Complaint were never legally viable (i.e., frivolous). Bisciglia asks the Court to deny the motion and in turn moves the Court for leave to file an Amended Complaint.

### FACTS

On or about August 11, 1992, Defendants notified· Bisciglia that the Board had scheduled a special meeting for August 26, 1992, to discuss relieving Bisciglia of his duties as Superintendent of the Kenosha Schools. Bisciglia filed a Complaint against the Defendants in Kenosha County Circuit Court on August 25th, 1992. Said Complaint alleged three causes of action. Bisciglia claimed, first, a violation of his due process rights pursuant to 42 U.S.C. Sec.1983; second, a breach of contract; and, third, a breach of an implied covenant of good faith and fair dealing. Bisciglia requested relief in the form of a Writ of Prohibition, injunctive relief, compensatory and statutory damages, and an *order appointing an impartial tribunal* to consider Defendants' efforts to terminate his employment as Superintendent of Schools. On the day the Complaint was filed, the Hon. David M. Bastianelli, Circuit Court Judge for Kenosha County, granted an ex-parte Temporary Restraining Order prohibiting the Defendants from taking any action which might affect Bisciglia's employment status as Superintendent.[1]

As stated in Bisciglia's Brief in Opposition to Motion for Summary Judgment at Page 7, "he was attempting to obtain two principal forms of relief from the Circuit Court: 1) An Order enjoining the scheduled date of the hearing so that he would have an adequate time to prepare a defense, and 2), an order enjoining the School Board from sitting as the decision makers at his employment hearing because Bisciglia believed that the Board majority had demonstrated a fundamental inability to serve as an impartial tribunal."

Hearing on the injunctive relief was scheduled before the Hon. Emily Mueller, Circuit Court Judge for Racine County. Judge Mueller heard oral argument on the request for injunctive relief on September 10, 1992, and issued a decision denying said relief on September 18, 1992.

On September 22, 1992, Defendants filed a Notice of Removal in the United States District Court for the Eastern District of Wisconsin. On October 7, 1992, Defendants filed an answer to the Plaintiff's Complaint. ·

The disciplinary process and hearings conducted by the Defendants occurred on the evening of November 4, 1992, and were continued on the evenings of November 5, 12,

---

1. Sec. 120.44 of the Wisconsin Statutes grants the School Board of Kenosha Unified School District No. 1 the authority to manage the property and affairs of the School District. In addition, Sec. 118.22(2) and Sec. 118.24(6) vests the Defendants with the exclusive power to employ and dismiss teachers and administrators and superintendents.

and 13. No decision was reached by the Board at that time.

On December 1, 1992, a District-wide recall election was held and the composition of the Board changed.

On December 2, 1992, Defendants filed the current Motion for Summary Judgment dismissing Plaintiff's Complaint and for sanctions against the Plaintiff and his counsel. On December 8, 1992, the re-constituted School Board dropped all charges and pending disciplinary actions against Bisciglia and in addition extended his contract for an additional year until June 30, 1995 (Prior to this action, Bisciglia had a contract extension until June 30, 1994.)

### LAW

Defendants' request that the Court grant summary judgment and impose sanctions under the authority of Rule 11 of the Federal Rules of Civil Procedure as it is also reflected in Sec. 802.05(1)(a) of the Wisconsin Statutes. Those Sections provide:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper: That to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry, it is well grounded in fact and is warranted by existing law ..., and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of this rule, the Court upon its motion or the motion of its own initiative shall impose upon the person who signed it ... an appropriate sanction ...

The Defendants have argued that the Complaint of Bisciglia was "premature and not legally viable when filed on August 25, 1992, [and] has become frivolous during the intervening ... [period]." (Page 2, Brief in Support of Motion for Summary Judgment.) Defendants go on to state, "Since September 18, 1992, Plaintiff has had actual notice not only of the case law which controls his due process allegations, but also Judge Mueller's determination that he had failed to make a sufficient showing that his rights had been or

were likely to be violated." And further at Page 4, "[T]here is not a justiciable case or controversy presented by this suit." The Court agrees.

■ Defendants' motion for summary judgment and sanctions is granted. Bisciglia's action was ultimately not "warranted by existing law" for the following reasons:

If it was not clear from the start, it certainly was clear after Judge Mueller issued her decision on the Motion for Temporary Restraining Order that this was a nonjusticiable dispute. The Complaint and Pleadings and supporting documents speak of *anticipated harms* to be inflicted on Bisciglia by a duly constituted but biased Board that had not yet met to determine Bisciglia's future employment. These harms (Bisciglia's three causes of action) were *anticipated* because of the alleged predisposition, partiality, and bias of the Defendants (Board). In ruling on these allegations, Judge Mueller found no bias on the part of the Defendants (Board) (p. 10 of Judge Mueller's Decision and Order) and held that the presumption that the Defendants (Board) would act with integrity and honesty had not been overcome. She recognized that the Board had a "statutory right and duty to hold meetings to consider the employment and dismissal of its administrators" (Page 3 of Judge Mueller's Decision and Order). Relying on these findings, Judge Mueller concluded that she could not prohibit the Board from meeting to take action in this matter.

These findings provided grounds for not only a denial of injunctive relief, but *dismissal of the case*, for once the Board's bias (which was the basis for the anticipated harms) disappeared, the anticipated harms (i.e., Bisciglia's three causes of action) disappeared also. They became meritless. The authority of *Hortonville Joint School District No. 1 v. Hortonville Education Association*, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976), and *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), cited by Judge Mueller is controlling. Where the Defendants' (Board's) presumption of honesty and integrity had not been overcome, where no disqualifying bias was shown, and

where the Defendants (Board) had not yet acted in an official capacity in any of the three claims, no harm had been done, no harm existed, and *no harm could be complained of.* Indeed, as subsequent events disclosed, no harm ensued.

Bisciglia's continued efforts in pursuing his causes of action were not warranted by law because they, at that point in time, simply did not exist and hence were non-justiciable. (i.e., they were not matters appropriate for Court review.)

To grant injunctive relief based on anticipated harms against a duly constituted governmental body presumed to be acting with authority, honesty, and integrity before it has so acted, would impede the proper functioning of not only the Board in this case, but all such agencies of Government. To continue pursuit of such injunctive relief *or the non-existent causes of action that provided the basis for such relief* only adds to the already heavy case load of the State and Federal Courts.

■ If Bisciglia's attorneys reasonably believed in the justiciable nature of the action at the time it was brought, they should have become aware that it was non-justiciable after Judge Mueller issued her decision denying the Motion for Temporary Injunctive Relief. In any event, Bisciglia's attorneys were alerted to these facts at the time the Defendants filed their Motion for Summary Judgment on December 2, 1992.[2] The Court grants Defendants' Motion for Summary Judgment and sanctions pursuant to Rule 11, F.R.C.P. Defendants are awarded their costs and attorneys fees from the date Defendants filed their Motion for Summary Judgment, 12–2–92,[3] to the date that Defendants filed their Response Brief. Defendants will submit itemized statements to the Court and opposing counsel. Bisciglia's attorneys shall have ten days from the date of receipt of said statements to submit objections to the Court.

In addition, Bisciglia's Motion for Leave to File an Amended Complaint is denied. Rule 15(a) of the Federal Rules of Civil Procedure requires that leave of Court is necessary to file the amended pleadings. Although "leave shall be freely given when justice so requires", the nature of the amendment and the circumstances under which it is made precludes the Court from accepting it.

■ Bisciglia's Amended Complaint seeks relief for discrimination based on his Italian ethnicity and/or Italian national origin in violation of 42 U.S.C. 1981. (Amended Complaint at ¶¶ 8, 20). Section 1981 only provides relief for discrimination based on one's race, and claims based on one's national origin or Italian heritage are not cognizable under the Statute. *See, generally, Anooya v. Hilton Hotels Corp.,* 733 F.2d 48, 49–50 (7th Cir.1984); *Petrone v. City of Reading,* 541 F.Supp. 735, 738–39 (E.D.Penn.1982). The Court "may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability,...." *Verhein v. South Bend Lathe, Inc.,* 598 F.2d 1061, 1063 (7th Cir.1979).

*Therefore, it is ordered* that Defendants' Motion for Summary Judgment is granted and Bisciglia's Complaint is dismissed.

*It is further ordered* that the Defendants are awarded their costs and attorneys fees from the date Defendants filed their Motion for Summary Judgment (12–2–92) to the date the Defendants filed their Response Brief on their Motion for Summary Judgment.

*It is further ordered* that Bisciglia's motion to file an Amended Complaint is denied.

---

**2.** By the same token Defendants, as "a party seeking sanctions, should give notice to the Court and the offending party promptly on discovering a basis for doing so." (See "Notes of Advisory Committee on Rules", Rule 11, F.R.C.P.) Because the Defendants were aware or should have been aware of the non-justiciable nature of the claims at the same time an award of attorneys fees can only be made from the time the Defendants noticed the Court, i.e., December 2, 1992.

**3.** This includes the time and effort required to prepare said Motion.